THE STATE, &C., TO USE OF SMITH MOSHER, Jr., Respondent, v. WILLIAM BENNETT *et al.*, Appellants.

1. When a second application is made for the continuance of a cause on account of the absence of a material witness, the affidavit must state the facts the absent witness is expected to prove more specifically than in a pleading.
2. The affidavit must also show that due diligence has been used to procure the testimony of the witness, or some excuse therefor.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit upon a penal bond taken by the sheriff of St. Louis county, under the local act of March 3, 1855, to recover the value of goods of plaintiff Mosher, seized by virtue of an attachment in favor of Russell & Bennett, and against Pollard, Anno & Co. The answer of defendants denied the title of Mosher, and alleged that he was but the agent of Pollard, Anno & Co., to whom the goods belonged.

The cause being set for the 8th of November, the defendants made a second application for a continuance of the cause

on the ground of the absence of a material witness, and in support of their motion filed an affidavit, which stated, among other things, that on the 5th of November defendants placed a subpœna for the witness in the hands of the sheriff, who went to the residence of the witness to serve the subpœna, but found the witness sick of typhoid fever, and confined to his room, and therefore did not serve it; that affiant is informed and believes that witness had been in a low and dangerous condition from sickness for three weeks past, and so ill that defendants were not permitted to converse with him on business, and preventing the possibility of taking his testimony by means of a deposition; and that affiant knows personally that he will prove the following facts from having conversed with the said witness, to wit: " That the said plaintiff was only acting as the agent and clerk of said firm of P., A. & Co., in the purchase of the goods attached by defendants and sued for in this action, and that said goods were in fact the property of said P., A. & Co., and not of the plaintiff; and further, facts, from conversation of the plaintiff and A. P., of the firm of P., A. & Co., sufficient to successfully defend this action."

The application being overruled, judgment was given for the plaintiff, and defendants filed their motion for a new trial.

*Decker & Voorhis*, for appellants, cited McLane v. Harris, 1 Mo. 700; Moran v. McCullough, 6 Mo. 444; Tunstall v. Hamilton, 8 Mo. 500; McKay v. The State, 12 Mo. 492.

*H. N. Hart*, for respondent, cited State v. Buckner, 25 Mo. 168; Freleigh v. State, 8 Mo. 606.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Napton, in which Judge Ewing concurred, (Judge Scott being absent,) but no judgment was entered; now the parties have agreed that that opinion shall

stand as the decision of the court. Therefore, in accordance with that opinion, the judgment below is affirmed, all the judges concurring.

NAPTON, Judge. The only question in this case is as to the propriety of overruling the defendant's motion for a continuance. There had, it would seem from the affidavit itself, (though the record does not show it,) been a previous continuance granted to the defendants, and the rule of the court required in such cases, the facts which the absent witness was expected to prove to be set out in the affidavit. The facts set out in this affidavit were merely a repetition of the facts relied on in the answer as a defence to the action, namely: That Mosher, the plaintiff, was merely the agent of Pollard & Co., and had no interest in the goods levied on, and that Pollard & Co. were the real owners. It was further alleged that this witness would relate " facts from conversations of the plaintiff and Aaron Pollard, of the firm of Pollard & Co., sufficient successfully to defend the action." There is nothing perceived in this statement of the facts which could be regarded as making the affidavit any more specific than if it had been generally stated that the witness was expected to prove the defendant's case, or that he was a material witness.

But the affidavit fails to give any explanation of the singular delay and negligence which was manifested by the defendants in relation to securing this witness' testimony. He was not subpoenaed until the 5th November, the case being set for the 8th. The case had been in court for upwards of a year, and it seems no effort was made to secure the testimony until two days before the day of trial, and then the witness had been sick with typhoid fever for several weeks.

All this seeming carelessness may have been consistent with good faith and due diligence; but it should have been explained. We can not say that the court of common pleas exercised its discretion unwisely.

Judgment affirmed.