# CHARLESTON.

## STATE v. FRED WHITECOTTEN

### (No. 5335.)

Submitted April 20, 1926.    Decided April 27, 1926.

1. CRIMINAL LAW—*Affidavit on Motion for Continuance for Absent Witnesses Should State Facts to Which Witness Was Expected to Testify, and Not Conclusion of Affiant (Code, c. 131, § 6).*

   An affidavit in support of a motion for a continuance on the ground of an absent witness, should state the facts to which the witness is expected to testify. The conclusion of the affiant as to the evidence is not alone sufficient. (p. 494.)

   (Criminal Law, 16 C. J. §§ 917, 921.)

2. SAME—*Overruling Motion for Continuance for Absent Witness Was Proper, Where Affiant Knew of Other Disinterested Witnesses in Position to Know Same Facts as Absent Witness, and Gave no Reason for Not Summoning Them.*

   A motion for a continuance on the ground of an absent witness was overruled. At the trial it appeared that the affiant knew of other witnesses, who were disinterested, and were in position to know the same facts as the absent witness. No reason was given for not summoning such other witnesses. A charge of error against the ruling of the court on said motion is untenable. (p. 496.)

   (Criminal Law, 16 C. J. § 924.)

3. SAME—SEARCHES AND SEIZURES—*Search Warrant Describing Place in Question as Certain Farm and Dwelling House and Outbuildings Located in Certain District, and Known as Specific Farm in Certain County, Held Sufficient (Const. Art. 3, § 6).*

   Point 3, Syl., *State* v. *Kees*, 92 W. Va. 277, applied. (p. 497.)

   (Criminal Law, 16 C. J. § 1110; Intoxicating Liquors, 33 C. J. § 381; Searches and Seizures, 35 Cyc. p. 1266.)

4. CRIMINAL LAW—*Although Instruction Should Ordinarily be Complete in Itself, it May be Supplemented by Reference to Another Paper Which is Before Jury.*

   An instruction should ordinarily be complete in itself. It may, however, be supplemented by reference to another paper, when that paper is before the jury. (p. 498.)

   (Criminal Law, 16 C. J. § 848 [Anno]; Depositions, 18 C. J. § 80.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Error to Circuit Court, Marshall County.

Fred Whitecotton was convicted of possession of a still, and he brings error.

*Affirmed.*

*J. Howard Holt,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

On May 23, 1924, a warrant was issued by a justice of Marshall County, commanding the arrest of Ray Whitecotten, and the search of the Thomas J. Earliwine farm in Sand Hill District of said county. The warrant was executed forthwith by Benton Hazlett, Deputy Sheriff, accompanied by H. E. Smith, a Federal Prohibition agent. The officers found and arrested Ray Whitecotten, Fred Whitecotten and Harry Jefferson in a house on the Earliwine farm, which house was leased to Charles Hollish. In the same house was a fifty gallon still complete, and three hundred gallons of mash. On the wall above the mash barrels was a batch of papers containing an account of stilling operations. The account makes reference to three partners, which it terms "No. 1", "No. 2", and "No. 3", except in one instance when the partners are referred to as follows:

"Shares of 3 parteners as following

Ray Share, $24.90

Fraid Share, $24.90

Charley Share, $17.90"

Charles Hollish, Fred Whitecotten, and Ray Whitecotten were indicted jointly at the Sept., 1924, term of the Circuit Court of Marshall County. The indictment charged them with feloniously owning, operating and having an interest in an apparatus for the manufacture of intoxicating liquors, etc. At the trial the State proved without contradiction the facts above stated. Officers Hazlett and Smith also testified that both Fred and Ray Whitecotten voluntarily stated to them at the time of the arrest on May 23, 1924, in the presence of Harry Jefferson and C. B. Crow, a taxicab driver, that Harry

Jefferson had nothing to do with the still, and that it was owned jointly by them (Fred and Ray) and Charles Hollish. Smith stated that Fred and Ray made practically the same assertions, on the morning following the arrest, in the presence of himself, Hazlett and Lloyd Arnold, the Prosecuting Attorney.

Fred denied making the statements attributed to him by the officers, but he did not support his denial by the testimony of Crow, Jefferson, or Arnold. Fred said that on May 23, 1924, he was engaged in the business of buying and selling second hand automobiles; that he had information that Hollish was in the market for an automobile, and in company with Jefferson and Ray he went to see Hollish about making a deal with him; that Jefferson was looking for farm work, but he did not know why Ray went along; that when they arrived at the place Hollish lived, Hollish was on the point of leaving and asked them to wait until he came back; that while awaiting the return of Hollish the officers arrived; and that he did not own, operate or have any interest in the still at the Hollish house.

The jury found Fred guilty. Its verdict was sustained by the trial court, and Fred was given the minimum sentence under the statute. Error is charged to the several rulings of the trial court on (1) motions for a continuance and to take a deposition, (2) the admission of evidence under the search warrant, and (3) the instructions.

(1). In support of a motion for a continuance the defendant filed an affidavit which is in part as follows:

"Affiant was arrested at the building where a still was alleged to have been found. This affiant says that he went there in company with Ray Whitecotten, and at his suggestion, for the sole and only purpose of trying to sell an automobile, and Ray Whitecotten will so testify. Ray Whitecotten knows that this affiant had no interest in the still, and did not own, operate or possess it, 'and Ray Whitecotten knows important facts and circumstances showing or tending to show that this affiant had no interest and did not own, possess or operate the said still. And these facts and circum-

> stances as well as the object of affiant's visit to the place where this still was found, are known to Ray Whitecotten and to no other witness. And affiant can not prove these facts, which are material facts, to his defense, by any other witness.''

The defendant contends that the affidavit contained every requisite necessary to obtaining a continuance.

Sec. 6, Ch. 131, Code, requires that an affidavit for a continuance should contain the ''name of the witness, and the testimony he is expected to give''. Reasonable definiteness is required in stating such testimony. *State* v. *Jones,* 84 W. Va. 85 (88). The only definite testimony mentioned in the affidavit which Ray was expected to give, is that Fred was in the building where the still was found, for the sole and only purpose of selling an automobile. The remainder of the affidavit relates to facts and circumstances known to Ray, but undisclosed to the court, which the affiant says show or tend to show that affiant had no interest in the still. In other words, the affidavit contains merely the conclusion of the affiant as to the materiality of the facts and circumstances known to Ray. The purpose of an affidavit for a continuance in such a case is to place before the court the facts to which the absent witness will testify, in order that the court may determine the value of such testimony to the defendant. Its materiality is not left to the opinion of the affiant, and the court cannot determine this materiality upon the mere statement that the absent witness knows facts material to the defense. To say that the witness knows facts, without disclosing to the court what these facts are, gives the court no information as to what the facts may be. No contention would be made that an affidavit justified a continuance on the bare assertion that the *affiant himself knows* facts material to his defense, which he is unable to prove until a later term of court. It is no more a compliance with the statute when an affiant says, as in this affidavit, that *someone else knows* facts material to his defense, when such facts are not disclosed.

The view we take of this affidavit is not unusual or unduly technical. It is generally supported by the authorities. ''In deciding on the sufficiency of an affidavit for a continuance,

no presumption favorable to the applicant is to be indulged. Such an affidavit, like a pleading, is to be construed most strongly against the party presenting it, and all intendments, so far as it is equivocal or uncertain, must be taken against it.'' 13 C. J., p. 182, par. 122. In *State* v. *Adams,* 56 Fla. 1, the court held that the grounds for a motion for a continuance should be scanned more closely in a criminal case than in a civil one, because of the ''superior temptation'' in a criminal case to delay the trial. In *State* v. *Boyd,* 33 Fla. 613, it was specifically held that an affidavit for a continuance was insufficient that failed to state the facts to be testified to by the absent witness, but gave in effect only the opinion of the witness as to the guilt of the accused. In *Glenn* v. *Brush,* 3 Col. 26, an affidavit for continuance was held insufficient because it did not state with reasonable certainty facts to enable the court to determine the materiality of the evidence. In *Olds* v. *Glaze,* 6 Iowa 86, it was held: ''An affidavit for a continuance, on account of the absence of a witness, which states that the party expects to prove by the absent witness, 'all the material allegations contained in his answer and set-off, and that he knows of no other person by whom he can prove said facts', does not sufficiently state the particular facts that the witness will swear to, and is insufficient.'' In *State ex rel Mosher* v. *Bennett,* 31 Mo. 462 (464), a motion for a continuance was made on an affidavit, which stated that the absent witness would relate ''facts from conversations of the plaintiff—sufficient successfully to defend the action''. In condemning the affidavit, the court said: ''There is nothing perceived in this statement of the facts which could be regarded as making the affidavit any more specific than if it had been generally stated that the witness was expected to prove the defendant's case, or that he was a material witness.'' In 5 Stan. Ency. Pro., p. 476-7, the law in this respect is summarized as follows: ''The facts on which the witness will testify must be stated with definiteness and certainty. Mere conclusions are not sufficient.''

Proof that his only purpose in visiting Hollish was an automobile trade was material to Fred's defense, but he could have proven those facts by Hollish or Jefferson. Either of

these two should have known as well as Ray the object of Fred's visit. Counsel for defendant contends that Ray would have supported Fred's denial of his admission of an interest in the still. The affidavit does not so state, and there is no evidence to that effect. Jefferson, Crow and Arnold were present at the alleged admissions. If Fred made no such statement to the officers, why did he not use Jefferson, Crow or Arnold as witnesses? They are seemingly disinterested, and for that reason should have made more convincing witnesses than Ray. There is no error in refusing a continuance on the ground of an absent witness, when the facts known to the witness can be proven by other witnesses available. No reason appears why Jefferson and Crow were not available, and the record discloses that Arnold was present at the trial. Admitting that Ray would have corroborated Fred's testimony in every particular, his evidence would have been merely cumulative, and his absence was no cause for a continuance. *Bank* v. *Berry*, 85 W. Va. 95 (99). "As a general rule, it is no error to overrule a motion for a continuance of an action to enable a party to procure evidence cumulative to that actually introduced on the trial, or to evidence that was available or might have been procured." 3 Ency. of Ev. 926.

The defendant also moved the court for permission to take Ray's deposition, which motion was overruled. Even if Ray had been a witness whose deposition could have been taken under Sec. 1, Ch. 159, Code, the failure of the defendant's affidavit to comply with the statute, prevented error in the ruling of the court.

(2). The defendant objects to the introduction of such evidence as was obtained in executing the search warrant, on the ground that the place to be searched is not described with the particularity prescribed by Sec. 6, Art. 3, of the Constitution. The place described in the warrant is "that certain farm and dwelling house and all out buildings on said farm, said farm is located in Sand Hill District and known as Thomas J. Earliwine farm, in Marshall County, W. Va." Defendant says Earliwine's farm is in reality two farms and contains two dwelling houses and two sets of out-buildings. The testimony of its owner is that while it originally con-

sisted of two separate tracts, and contains two dwellings, etc., "it lays altogether jointly", is one farm and is known now as the Thomas Earliwine farm. The description in the warrant was sufficiently particular, and all the evidence obtained in the search was therefore admissible. *State* v. *Kees,* 92 W. Va. 277, point 3, syl.

(3). Instruction No. 1 given at the instance of the State is as follows:

> "The court instructs the jury that it is unlawful for one to have an interest in an apparatus for the manufacture of intoxicating liquors, commonly known as a moonshine still, and if you believe beyond a reasonable doubt from all the evidence in this case that the defendant did have an interest in such an apparatus, as alleged in the indictment in this case, though it may not affirmatively appear that he had yet operated said apparatus, it is your duty to find the defendant guilty."

The defendant alleges that this instruction is bad because it does not embody his *guilty intent.* Instructions should be complete in themselves. *State* v. *Taylor,* 57 W. Va. 228. This instruction should have been drawn so as to require in direct terms belief from the evidence of defendant's unlawful intent. However, the instruction does require proof that defendant had an interest in the apparatus "as alleged in the indictment in this case". When we look to the indictment, we find an unlawful intent expressed. The interest defendant was alleged to have was an unlawful interest in an apparatus for the manufacture of intoxicating liquors. The jury had the indictment with it in arriving at its verdict. It could look to the indictment for a description of the interest referred to in the instruction. A similar charge is preferred against State's Instruction No. 2. We find the objections to the instructions unsubstantial.

The evidence supports the verdict. We perceive no error in the record prejudicial to defendant. The judgment of the circuit court is accordingly affirmed.

*Affirmed.*