State of West Virginia *v.* Jess Male

(No. 7110)

Submitted March 15, 1932.    Decided March 29, 1932.

*Wm. T. George,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for defendant in error.

LITZ, JUDGE:

Defendant, Jess Male, was convicted and sentenced to a term of five years in the penitentiary under a joint indictment against him, Joseph Kennedy, Naison Male and Homer Male, charging them with owning, operating, maintaining, possessing and having an interest in a mechanism for the manufacture of intoxicating liquors, commonly known as a "moonshine still." Naison Male confessed and was sentenced to the penitentiary. Joseph Kennedy, a boy fourteen years of age, also confessed and received a suspended sentence. Homer Male does not appear to have ever been brought to trial.

In May, 1929, J. H. Marsh, sheriff of Barbour county, accompanied by other officers, discovered Jess, Joseph and Naison walking through woodland in said county. Jess was carrying several gallons of liquor, an aluminum bucket, funnel, tester and a testing jar. Joseph and Naison, carrying the remainder of the still, were arrested on the spot; but Jess escaped and remained at large until a short while before his trial, April 24, 1931. It appears that the still had been operated that day by Joseph and Naison. Joseph, as a witness for the state, testified that the still belonged to defendant and that defendant had employed him to operate it. Naison, testifying for Jess, stated that he did not know who owned the still or mash, but that Kennedy had engaged him to help operate the mechanism, saying that it and the mash belonged to Jess. Denial of interest in the still or its operation was interposed by Jess. He also stated that he had gone to the still for the sole purpose of receiving some liquor purchased from Joe. A number of witnesses for Jess testified to alleged statements made by Joe inconsistent with his testimony incriminating Jess as proprietor of the stilling.

The points of error are (1) that the evidence does not warrant the findings of the jury, and (2) that the trial court granted an improper instruction at the instance of the state.

. The instruction complained of told the jury: "* * * it is unlawful, in this State, to own, operate, maintain, possess, or have an interest in any apparatus, mechanism or device for the manufacture of intoxicating liquors, commonly known as a moonshine still, and while the indictment in this case charges that the defendant owned, operated, maintained, possessed and had an interest in a moonshine still, yet if you believe from all the evidence in this case, beyond a reasonable doubt, that the defendant is guilty of any one of the five allegations, then you should find him guilty, as charged in the indictment.''

As the evidence would have warranted the jury in finding defendant guilty of owning, operating, maintaining, possessing and having an interest in a moonshine still, the objection of the instruction that there was no proof of his having operated, maintained, possessed or had an interest in a still, is without merit. The question, of whether the instruction omits the element of criminal intent, was raised in conference. We have concluded, despite its somewhat uncertain language in this respect, that the instruction by reference incorporates the indictment and the criminal intent therein charged. An instruction should, ordinarily, be complete in itself. It may, however, be supplemented by referring to another paper before the jury. *State* v. *Moore,* 95 W. Va. 604, 122 S. E. 147; *State* v. *Whitecotton,* 101 W. Va. 498, 133 S. E. 106.

The judgment is, therefore, affirmed.

*Affirmed.*