# CHARLESTON.

### State *v.* Pennington.

Submitted January 22, 1896—Decided Jan. 24, 1896.

1. INDICTMENT—INCEST—KNOWLEDGE OF RELATIONSHIP.

   An indictment for incest, under section 22, chapter 149, Code 1891, is not bad because it does not state that the man charged knew the relationship of the woman to him.

2. INDICTMENT—INCEST.

   Such indictment, charging the woman named to be the daughter of defendant's brother, is not bad because it does not give the name of that brother.

3. INDICTMENT—DATE OF OFFENSE.

   An imperfect statement of the date of offense in the indictment is cured by section 10, chapter 158, Code 1891. Therefore, a statement that the offense was "on the 13th day of August, July, 1894," is cured by that statute.

4. INDICTMENT—STATEMENT OF TIME OF OFFENSE.

   Mode of stating time of offense in indictments.

5. INDICTMENT—STATUTORY OFFENSES.

   It is generally both sufficient and necessary, in drafting indictments for statutory offenses, to follow the language of the statute.

JOHNSTON & HALE and A. M. SUTTON for plaintiff in error, cited Code, c. 149, s. 22; 1 Bish. Crim. Pro. (2nd Ed.) §§ 387, 505, 517, 519, 543, 623, 325, 507; Bish. Stat. Crimes, §§ 351, 362; 12 Wheat. 459; Whart. Prec. Ind. & Pl. 585; 2 Va. Cas. 331, 332; 1 Gray (Mass.) 481; Whart. Cr. Pl. & Pr. (8th Ed.) 120; 1 Stark. Cr. Pl. (2nd Ed.) 60.

ATTORNEY-GENERAL T. S. RILEY for the State, cited, Code, c. 149, s. 22; 31 Tex. (Crim.) 196; 23 N. E. 747; 21 Neb. 171; Code, c. 158, s. 10; 26 W. Va. 153, 157; 87 Va. 96.

BRANNON, JUDGE:

Jack Pennington was sentenced in the Criminal Court of Mercer county to the penitentiary on the charge of incest, and, being refused a writ of error by the Circuit Court of Mercer, brings the case to this Court.

The writ of error is based solely on alleged insufficiency of the indictment. It is said the indictment is bad in not alleging that Pennington knew that Arenia Pennington was his niece. The statute (section 22, chapter 149, Code 1891) does not make this an element in the definition of the offense, and the indictment follows the statute. It is contended that this is a case where a statute ought to be construed to contemplate, as an essential element of the offense, though not mentioned, a knowledge on the part of the man of the woman's relationship, as, if he be ignorant of it, he can not be guilty; and, as it must be shown, it ought to be alleged as a material averment. This view seems to me strong, but it seems settled that generally, it is sufficient to use the language of the act defining a statutory offense, and such this is; and that, with particular relation to this offense, it is settled that unless the statute make such knowledge a part of the definition of the offense, as in *Williams* v. *State*, 2 Cart. (Ind.) 439, the indictment need not allege it. Mr. Wharton and Mr. Bishop both so state the law. Whart. Cr. Law, § 1752; Bish. St. Crimes, § 733. It has been pointedly so held in *State* v. *Bullinger*, 54 Mo. 142; *Simon* v. *State*, 31 Tex. Cr. R. 187 (30 S. W. 399, 716); *State* v. *Wyman*, 59 Vt 527 (8 Atl. 900, and 59 Am. Rep. 753, note 755). See 10 Am. & Eng. Enc. Law, 339, note 1. In *State* v. *Dana*, 59 Vt. 623 (10 Atl. 727) it was again so held, and the court said it was not necessary "to allege and prove affirmatively that respondent knew the relationship existing between him and the particeps. Respondent's knowledge of the relationship is not made an essential of the crime. We have another statute which make it a crime to carnally know a female child under the age of eleven years with or without her consent. Would it be necessary to allege, and prove affirmatively, that the accused knew she was under the age of eleven years—a fact extremely difficult, and in most cases impossible to prove? We think not. A more reasonable and practicable rule is that, if a person willfully does an unlawful and criminal act, he takes upon himself all the legal and penal consesequence of such act, regardless of his knowledge, unless knowledge is made an essential ingredient of the crime."

I must be allowed to doubt so much of that opinion as holds that knowledge of relationship by the accused is not necessary. 10 Am. & Eng. Enc. Law. 338. It is generally sufficient, and it is necessary, to follow the statute defining an offense. *State* v. *Boggess*, 36 W. Va. 713 (15 S. E. 423).

The second flaw in the indictment suggested is that while it alleges that the woman was the daughter of the defendant's brother, the name of that brother is not specified. The indictment seems sufficiently certain and definite in pointing out the particular person with whom the offense was committed. She might be a person of that name, and daughter of one not a brother; but the defendant could prove that as a defense, and that consideration does not render so definite an indictment insufficient. In *State* v. *Brown*, 47 Ohio St. 102 (23 N. E. 747) an indictment which named the woman, and alleged her to be a niece of the man, and not giving her father's name, was held sufficient.

Another point made against the indictment is that it charges the act to have been "on the 13th day of August, July, 1894." Under section 10, chapter 158, Code 1891 (providing that no indictment shall be held invalid for "omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not the essence of the offense") I would state the law to be that, where no statute of limitation bars, you may wholly omit the date of the offense from the indictment, unless it be one of the rare offenses where time enters into its essence; but, where there is a limitation, you must state date, so it appear the offense is not barred. Where you do state the date, a variance between that date and the proof is immaterial, in any case, at common-law, so you prove it to be at such a date as brings it within the period of the statute, if any applies. Where, in any class of cases, whether a bar applies or not, there is an attempt to state date, but its statement is imperfect, it is immaterial, unless the statement shows the offense barred. This is a case of imperfect statement, and is cured by the statute. *State* v. *Bruce*, 26 W. Va. 153; *State* v. *Ball*, 30 W. Va. 382 (4 S. E. 645); *Arrington* v. *Com.* 87 Va. 96 (12 S. E. 224). Judgment affirmed.