# CHARLESTON.

### STATE v. JACOB LUTZ.

## Submitted April 12, 1921.   Decided April 26, 1921.

1. CRIMINAL LAW—*Burden is on Prisoner to Show Good Cause for Removal of Trial to County Other Than That Where, Crime Committed.*

    The burden of proof is on the prisoner in a criminal case to show, to the satisfaction of the court, good cause for removal of his trial to a county other than that in which the crime was committed.   (p. 505).

2. SAME—*Facts and Circumstances Showing Inability to Have Fair Trial Must Appear to Obtain Change of Venue.*

    The affidavit of a prisoner which states only his opinion that local prejudice against him exists to such an extent that he cannot obtain a fair trial is not sufficient to support his motion for change of venue. Facts and circumstances must be shown, preferably by disinterested persons, sufficient to satisfy the court that a fair trial cannot be had.   (p. 504).

3. SAME—*Motion for Continuance for Absence of Material Witness Addressed to Sound Discretion of Trial Court.*

    A motion for a continuance, based upon the absence of a material witness, is addressed to the sound discretion of the trial court, reasonably and not arbitrarily exercised, and its judgment thereon ought not to be reversed unless it is so plainly erroneous as to evidence abuse of the discretion.   (p. 506).

4. ˙SAME—*Affidavit Must Show Due Diligence to Secure Absent Witness and Probability That He May be Secured for Later Term.*

An affidavit in support of such a motion must show, among other things, that due diligence has been exercised to secure the presence of the witness at the trial, and that there is a fair probability that his presence or deposition can be secured for a later term. (p. 506).

5. SAME—*Defendant Granted New Trial on Appeal May be Retried at Same Term if Ample Time for Preparation is Given.*

A defendant, once tried and convicted, whose conviction has been set aside on appeal and a new trial awarded, may lawfully be retried at the same term at which the mandate from the appellate court is received and recorded, provided due and ample time is allowed before the trial begins for sufficient preparation of the defense. (p. 506).

6. SAME—*Repetition of Instruction as to Different Forms of Verdict Not Error.*

Although instructions dealing with the different forms of the verdict a jury may find on the trial of an indictment for murder ordinarily should not be repeated, yet if two such instructions are asked for and given, and the trial court, *ex mero motu*, verbally gives another virtually in the same language, the repetition, while not to be approved, will not constitute a ground for reversal. (p. 507).

Error to Circuit Court, Taylor County.

Jacob Lutz was convicted of murder, and he brings error.

*Affirmed, and case remanded.*

*J. Frank Wilson,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

LYNCH, JUDGE:

The facts and circumstances of the murder for which defendant has twice been convicted and sentence of death pronounced against him appear in the opinion reported in 85 W. Va. 330. Whether the evidence adduced upon the two trials is the same or different there is nothing to enable us to say, as the present record does not contain the testimony on which the second conviction was based, and the only errors assigned

question the propriety of the rulings of the trial court upon motions to change the venue, to continue the case until the next succeeding term, (1) because the mandate from the Supreme Court of Appeals awarding defendant a new trial was not received and recorded in the circuit court until one week after the term had opened and the docket for the term been completed, and (2) because of the absence of the witnesses Reedy and Stewart, and for error in giving an oral instruction to the jury as to the form of the verdict in such a case.

The basis of the motion to remove the case for trial by a jury of a county other than Taylor was the prejudice in the latter against the accused by reason of the commission of the homicide therein. The only affidavit or other proof in support of the necessity for the change of venue was that made by the accused, and its language is "that he cannot get a fair and impartial trial in this county, the public being prejudiced against him, which was exhibited against him at the former trial, and that the same feeling still exists at the present time." If there were any substantial reason to believe or apprehend the existence of a reasonable doubt as to the inability to obtain a jury uninfluenced by any motives except to do exact justice so far as possible under the circumstances surrounding the commission of the unfortunate offense, and that the hostile sentiment· prevailing in the county was aroused and continued to such an extent as would make the removal to another county imperative, certainly some person other than defendant could have been found and induced to show the fact to be as he alleged it was. That he did not produce or make an effort to produce such a person warrants the presumption either that no person could be found or that he made no effort to find him. Neither alternative is proved directly or indirectly. The affidavit filed is silent on that subject so important to him. It offers not the slightest excuse for the non-production of one or more affiants to support or reenforce his own. To make a case sufficient to show a reasonable apprehension or manifestation of such a state of animosity or hostility towards one charged with a serious felony, it is ordi-

narily, if not always, necessary that the facts relied on be proved by disinterested testimony, at least by the testimony of witnesses other than the accused. *Wormeley* v. *Commonwealth,* 10 Gratt. 658; *State* v. *Douglass,* 41 W. Va. 537; *State* v. *Sheppard,* 49 W. Va. 582; *Wright* v. *Commonwealth,* 114 Va. 872; 16 C. J. p. 213. Moreover, the affidavit fails to state the facts and circumstances from which the conclusion is deduced that a fair trial cannot be had. Mere conclusions without a recital of the facts upon which they are based are insufficient, as the cases hold. *State* v. *Weisengoff,* 85 W. Va. 271. Besides, the action upon such a motion is to be viewed and considered in the light of the discretionary right of the trial court, and cannot be reviewed or subjected to revision unless the result of the exercise of that discretion is palpably wrong. *State* v. *Sheppard,* cited; *State* v. *Weisengoff,* cited. And upon defendant devolves the burden of proving to the satisfaction of the court the existence of a cause sufficient for prudential reasons to require the trial to be had in another county. *State* v. *Greer,* 22 W. Va. 800. The attempts to prove the facts sought to be established falls far short of the requirements of the law, as determined in this state.

The motion to postpone the trial rests chiefly on the absence of the witnesses Joseph Reedy and Teddy Harry Stewart, neither of whom was served with process requiring his attendance at the time fixed for the trial. Reedy was present and testified on behalf of defendant when he was first convicted. Although a summons was issued for him, he was not found and no one was able to give the defendant or the officer definite information as to where he was or could be served with process. Nor did defendant or any other person have such knowledge of the location of the witness as would enable him to offer reasonable assurance of the probability of his attendance, should the trial be postponed. In view of this uncertainty the prosecuting attorney proposed either of two alternatives; the first to permit the taking of Reedy's deposition, after due notice, to be read to the jury, provided the examination could be had in time for the trial before the ad-

journment of the term of court then in session; the second to permit the testimony given at the former trial by the same witness to be read upon the second. The latter condition defendant finally accepted, but whether that course was or was not pursued the record before us does not disclose.

The affidavit noting the absence of the witness Stewart and the oral examination of defendant in regard thereto disclose no proof of his whereabouts or as to what he would say if found and examined. The only information defendant had he derived from another prisoner, confined with him in the Harrison County jail, to the effect that the mother of the prisoner told the latter Stewart had said to her that he stood within a few feet of the place where the homicide was committed and saw the occurrence, and that defendant acted on the defensive and was justified in what he did. This testimony was of course material and, if true and believed by the jury, perhaps determinative of the issue triable by them. But the effort made to locate the witness was feeble and not such as to warrant the slightest prospect of securing his presence at any subsequent time or place, had the court sustained the motion to continue the case for trial at another term. Such a remote possibility is nowhere recognized as a reasonable cause for such postponement. *State* v. *Alie,* 82 W. Va. 601; *State* v. *Jones,* 84 W. Va. 85. Moreover, a motion for a continuance is addressed to the sound discretion of the trial court, reasonably and not arbitrarily exercised, and its judgment thereon will not be reversed unless so plainly erroneous as to evidence abuse of the discretion. *State* v. *Swain,* 81 W. Va. 278; *State* v. *Jones,* cited; *State* v. *Bridgeman,* 88 W. Va., 231, 106 S. E. 708.

There is also a further ground advanced for the continuance, in that the mandate or memorandum of the result of the action taken by this court upon the former writ of error did not reach or was not entered of record in the circuit court until after the beginning of the term at which the second trial was had, the argument being that, as the case was not then on the trial docket, defendant could not lawfully be retried at that term. To sustain this contention defendant relies on section 1, chapter 131, Code 1918. It requires the clerk to

prepare, before the beginning of every term of the circuit court, a docket of the cases to be tried at such term in the order therein specified, the first being "cases of the State." There is, however, in the statute no warrant for the assumption that the Legislature intended to forbid the trial of a case not on the docket when the term began, if it then was properly matured for hearing or trial. Such a construction is inconsistent with section 1, chapter 159, Code. The provision is this: "When an indictment is found in the circuit court of any county against a person for a felony, the accused, if in custody, or if he appears in discharge of his recognizance or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term." An indictment found and returned while the court is in session could not be on the docket when the term began, and there is just as much reason for a speedy disposal of a criminal accusation in the one case as in the other, if sufficient opportunity is given the accused to prepare his defense, and no statute sanctions such a difference. The mere recordation of the mandate within the term is not material, subject to the modification noted. Due and ample time was allowed the accused for sufficient preparation before the trial was to and did begin. Defendant was brought into court January 21, and after the tender and rejection of a special defensive plea, the form and nature of which is not disclosed, and the motions for a change of venue and continuance, subsequently overruled, the court fixed February 3 as the date of trial, and later reset it for the 9th of the same month.

The only other assignment questions rulings on instructions, most of them being read to the jury. But the principal complaint is to the one given by the court of its own motion after the introduction of the evidence offered by the state and by the accused and the reading of the instructions requested by each of them. Two of those the state asked and the court gave were upon the same subject as the one the court voluntarily prepared and read to the jury, and while the three did tend to emphasize, perhaps unduly, the form of the verdict as to the different degrees proper to be found ac-

cording to the jury's view of the evidence, it is not perceived that any injury resulted from so propounding them to the constitutional triers of the facts.

As there have been two trials for the offense charged in this case and the same conviction and sentence in each, and as we have discovered no substantial error in the rulings of the circuit court upon the second trial, we are constrained somewhat reluctantly to affirm the judgment, and remand the case for the resentence of the accused.

*Affirmed, and case remanded.*