STATE OF WEST VIRGINIA

*v.*

PAUL E. CHAFFIN

(No. 13186)

Submitted October 3, 1972.    Decided November 21, 1972.

*James E. Ansel,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for defendant in error.

BERRY, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Pendleton County of May 4, 1971 which sentenced the defendant, Paul E. Chaffin, to serve an indeterminate sentence of from ten years to life in the West Virginia State Penitentiary after being convicted by a jury of the crime of armed robbery.

The defendant was jointly indicted with two other men for armed robbery, but was tried separately. The three men who were jointly indicted in this case apparently escaped from the state penitentiary at Moundsville, West Virginia and stole a car which they drove to Pendleton County where it was abandoned as a result of mechanical failure. On December 28, 1970 the three men went into an automobile body shop owned by Pennington B. Keiser, also known as Tony Keiser, where they threatened both the owner and his brother, Watson Keiser, with a pistol, tied them both up, took a wallet belonging to Watson Keiser, left both men in the restroom of the body shop and stole the automobile belonging to Pennington B. Keiser. Both of the men freed themselves and called the police. The three men were later apprehended the same day in Harrisonburg, Virginia.

On the day this case was set for trial the defendant's counsel moved for a continuance because one of the defendant's witnesses, Gary L. Hammack, who had been jointly indicted with the defendant, was not present. This witness was in the West Virginia State Penitentiary at the time of the trial, and would have testified, according to the defendant, that the defendant was not in the State of West Virginia on December 27, 1970, the date alleged in the indictment that the crime occurred. The defendant's motion for a continuance was overruled by the trial court.

The defendant's attorney also made a motion for a continuance for the purpose of having the defendant undergo a psychiatric examination. This motion was also overruled by the trial court.

The case proceeded to trial and after completing the evidence on behalf of the state the prosecuting attorney stated: "The State rests." Immediately after resting the state's case the prosecuting attorney asked permission of the court to recall two of the state's witnesses. The attorney for the defendant objected to the recalling of the witnesses on the grounds that the state had rested its case and could not recall the witnesses. The defendant's objection was overruled, and the witnesses who had previously testified on behalf of the state testified that they had made an error when they testified originally that the robbery occurred on December 27, 1970 and that it actually occurred on December 28, 1970.

After the completion of the evidence the defendant's attorney moved for a directed verdict on the grounds that there was a material variance in the indictment and the evidence introduced by the state in that the indictment alleged the crime occurred on December 27, 1970 and the proof was that the crime occurred on December 28, 1970. This motion was overruled.

Ten assignments of error are listed on behalf of the defendant but they can be consolidated into four assignments because of repetition or abandonment. The errors assigned are the overruling of the two motions for a continuance, the overruling of the motion for a directed verdict because of the variance between the pleading and proof, and the indeterminate sentence of from ten years to life.

The motions for a continuance on the grounds of the absence of a material witness and the need for a psychiatric examination of the defendant, are not well taken. Due diligence had not been exercised to secure the presence of the witness. The motion was made when the case was called for trial and no summons had been issued nor any attempt made to obtain the witness'

presence. See Code, 53-4-13. Furthermore, the testimony that the witness would have allegedly given was not material. It was stated that the witness would testify that the defendant was not in the state on December 27, 1970. However, the crime was committed on December 28, 1970. A motion for a continuance based on the absence of a material witness is addressed to the sound discretion of the trial court, and its ruling on such motion will not be disturbed unless it is clearly wrong and it appears that such discretion has been abused. *State v. Jones,* 84 W.Va. 85, 99 S.E. 271; *State v. Lutz,* 88 W.Va. 502, 107 S.E. 187; *State v. Whitecotten,* 101 W.Va. 492, 133 S.E. 106; *State v. Simmons,* 130 W.Va. 33, 42 S.E.2d 827; *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308.

The same reasons are applicable to the motion for a continuance in order to have a psychiatric examination made of the defendant. No affidavit was filed in support of this motion and there was no indication of any kind that there was any need for such examination. *State v. Whitecotten, supra.* Code, 62-3-9, as amended, relied upon by the defendant, only provides that the court may on its own motion direct that such examination be made if, in the court's opinion, it is needed. *State v. Angel,* 154 W.Va. 615, 177 S.E.2d 562; *State ex rel. Parsons v. Cuppett,* 155 W.Va. 469, 184 S.E.2d 616. It would therefore appear that the trial court was not in error in overruling the motions for continuances.

There is no merit to the defendant's contention that the trial court erred in allowing the state to recall witnesses immediately after the state announced that it had rested. The order in which evidence is introduced and the time of its introduction is a matter which rests in the sound discretion of the trial court and the exercise of this discretion will not be disturbed unless there has been a flagrant abuse of it. 19 M.J., *Trial,* § 9; *Wills v. Montfair Gas Coal Co.,* 104 W.Va. 12, 138 S.E. 749; *State v. Pietranton,* 140 W.Va. 444, 84 S.E.2d 774; *Edmiston v. Wilson,* 146 W.Va. 511, 120 S.E.2d 491. This principle is clearly stated in point 4 of the syllabus of the *Wills* case,

wherein it is stated: "The order of evidence and the time of its introduction, and whether a party shall introduce more evidence after that of the adverse party, are matters within the discretion of the trial court, and its exercise will rarely be ground of reversal." It clearly appears that the trial court did not abuse its discretion in allowing the state to recall the witnesses to correct their testimony.

There is no merit to the defendant's contention that there was a prejudicial error because of the variance in the pleading and the proof with regard to the time of the commission of the crime. The crime charged in the indictment was armed robbery on December 27, 1970 while the proof showed that the crime was actually committed on December 28, 1970. Time is not of the essence of the crime of armed robbery. The date does not even have to be stated in the indictment. *State v. Pennington,* 41 W.Va. 599, 23 S.E. 918. Proof as to time is not material where no statute of limitations is involved. *State v. Trippe,* 222 N.C. 600, 24 S.E.2d 340; *State v. Davis,* 282 N.C. 107, 191 S.E.2d 664. Furthermore, any such defect in an indictment is cured by Code, 62-2-10, which provides in part as follows: "No indictment * * * shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense * * * ."

The last assignment of error by the defendant is well taken. The sentence imposed in this case was an indeterminate sentence of from ten years to life imprisonment for armed robbery. The statute, Code, 61-2-12, as amended, provides that the sentence shall be confinement in the penitentiary for "not less than ten years". The sentence in such case must be for a *definite* term of not less than ten years. *State ex rel. Vascovich v. Skeen,* 138 W.Va. 417, 76 S.E.2d 283; *State ex rel. Wright v. Boles,* 150 W.Va. 381, 146 S.E.2d 524.

For the reasons stated herein the conviction of the defendant is affirmed but the judgment of the Circuit Court of Pendleton County is reversed with regard to the

indefinite sentence imposed of from ten years to life and the case is remanded to the Circuit Court of Pendleton County for the imposition of a definite sentence of not less than ten years.

*Conviction affirmed; judgment reversed and remanded with directions.*