STATE OF WEST VIRGINIA

*v.*

ROY PAULEY

(No. 14081)

Decided April 3, 1981.

*Garis L. Pruitt* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General *and Thomas N. Trent,* Assistant Attorney General, for defendant-in-error.

PER CURIAM:

This is an appeal by Roy Pauley from an order of the Circuit Court of Putnam County entered on September 30, 1977, sentencing him from one to ten years in the state penitentiary for shoplifting merchandise of the value of Fifty Dollars ($50.00) or more. Among other points, Mr. Pauley claims that the trial court erred in denying his motion for a continuance for a psychiatric examination to determine his competency to stand trial. We agree, and we reverse the decision of the circuit court.

On April 10, 1977, one month after the indictment against Mr. Pauley was returned, his counsel represented to the circuit court that he believed a psychiatric examination was needed to determine Mr. Pauley's competency to stand trial. At that time, the prosecutor indicated he did not oppose the motion so long as Mr. Pauley bore the expense of the examination. The court set formal argument on the motion for April 21, 1977, at 9:30 o'clock a.m.

On April 21, 1977, defense counsel filed a written motion for a continuance. In that motion he reiterated his belief that a psychiatric examination was necessary to determine the competency of Mr. Pauley to stand trial. The court, however, deferred ruling on the motion until May 11, 1977.

On May 11, 1977, defense counsel again appeared before the court. On that date he indicated that he had managed to arrange a psychiatric examination for the defendant on May 17, 1977. The prosecutor objected to the continuance of the case on the ground that Mr. Pauley had had ample time to arrange and undergo the examination. After hearing the arguments of counsel, the court denied the continuance and proceeded to try Mr. Pauley.

We have recognized that the granting or denial of a motion for a continuance rests in the sound discretion of the trial court, and that refusal to grant such a continuance constitutes reversible error where discretion is abused.

*State v. Chaffin*, 156 W.Va. 264, 192 S.E.2d 728 (1972); *State v. Simmons*, 130 W.Va. 33, 42 S.E.2d 827 (1947); *State v. Jones*, 84 W.Va. 85, 99 S.E. 271 (1919); *State v. Alie*, 82 W.Va. 601, 96 S.E. 1011 (1918). In syllabus point 4 of *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980), we said: "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for [a] psychiatric evaluation . . . ." *See, State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976).

In the case before us, defense counsel raised the question of Mr. Pauley's competency to stand trial before the court on April 11, 1977, thirty days before the trial commenced on May 11, 1977. The prosecutor stated that he had no objection to the defendant being examined by a psychiatrist. In the interim between April 11 and May 11, defense counsel made an effort to arrange an appointment with the psychiatrist and did make that appointment for May 17, less than a month after he filed the formal motion for continuance.

The record of this case demonstrates that defense counsel used due diligence in arranging the appointment. In light of that fact, and in light of the requirement of syllabus point 4 of *Demastus, supra*, we conclude that the trial court abused its discretion in denying the motion for continuance and in conducting the trial without first determining the defendant's capacity to stand trial.

The judgment of the Circuit Court of Putnam County is, therefore, reversed, the verdict of guilty is set aside and a new trial is awarded.

*Judgment reversed;*
*new trial awarded.*