514 S.E.2d 171

**STATE of West Virginia ex rel. the STATE of West Virginia, Petitioner,**

v.

**Honorable Jeffrey B. REED, Judge of the Circuit Court of Wood County, and Samuel William White, Respondents.**

No. 25356.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 1999.

Decided Jan. 29, 1999.

Ginny Conley, Prosecuting Attorney for Wood County, Parkersburg, West Virginia, Attorney for the Petitioner.

Joseph P. Albright, Jr., Albright, Bradley, & Ellison, Parkersburg, West Virginia, Attorney for the Respondent, Samuel William White.

## PER CURIAM:

▮ This petition for a writ of prohibition [1] was filed by Ginny Conley, Prosecuting Attorney for Wood County, against the Honorable Judge Jeffrey B. Reed. In this case, the prosecutor seeks to prohibit the dismissal of a criminal action by the Circuit Court of Wood County. This Court issued a show cause order in which a response has been filed by the defendant, Samuel William White (hereinafter referred to as Mr. White), in the underlying criminal case. Upon a review of the parties' arguments and the record below, we grant the writ of prohibition as moulded.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. White was indicted on nine assorted counts of sexual assault.[2] The victim of the crimes was the adolescent child of Mr. White. At issue in this appeal is a discrepancy as to the time period during which the sexual assaults occurred. The indictment alleged that Mr. White committed the crimes between July 1990 and September 1990. According to

---

1. This case was styled originally as a petition for a writ of prohibition and/or mandamus. However, the facts supporting the petition do not sustain a writ of mandamus petition. The conduct complained of concerns, in essence, a discretionary evidentiary ruling by the trial judge. "Mandamus is a proper proceeding by which to compel a public officer to perform a mandatory, nondiscretionary legal duty." Syllabus point 3, *Delardas v. County Court of Monongalia County,* 155 W.Va. 776, 186 S.E.2d 847 (1972). *Accord State ex rel. Warner v. Jefferson County Comm'n,* 198 W.Va. 667, 673, 482 S.E.2d 652, 658 (1996). We recently pointed out that "[m]andamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to

act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." *Nobles v. Duncil,* 202 W.Va. 523, 526, 505 S.E.2d 442, 445 (1998). In the matter sub judice, the prosecutor incorrectly seeks to employ mandamus to prescribe the discretionary manner in which the trial court should have ruled on an evidentiary matter.

2. The record in this case is sparse, and the exact nature of all the charges was not disclosed in the pleadings. Additionally, it appears that five of the charges were dismissed against Mr. White prior to trial.

the response filed by Mr. White, the trial court ordered the prosecutor to provide more specific crime dates prior to trial. However, Mr. White was never provided with more specific dates.

During the prosecutor's case-in-chief, no evidence was presented which proved that Mr. White committed the charged offenses against his child within the period of time from July 1990 to September 1990. Instead, the evidence established that Mr. White committed sexual assault offenses against his child between June 1991 and November 1991. As a result of the discrepancy in dates, Mr. White moved for judgment of acquittal, which was granted by the trial court.[3] Thereafter, the prosecutor filed this petition seeking to prohibit the dismissal of the criminal action.

## II.

## STANDARD OF REVIEW

■■■ The standard of review applicable to a writ of prohibition was stated in Syllabus point 1 of *State ex rel. United Hospital Center, Inc. v. Bedell,* 199 W.Va. 316, 484 S.E.2d 199 (1997), where we held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." *Accord* Syl. pt. 2, *State ex rel. Kees v. Sanders,* 192 W.Va. 602, 453 S.E.2d 436 (1994); Syl. pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977). This Court elaborated on this standard of review in Syllabus point 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996), as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower

tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

## III.

## DISCUSSION

■■■ In the instant proceeding the prosecutor concedes that the evidence adduced at trial did not place the commission of the crimes within the time period stated in the indictment. Notwithstanding such evidence, the prosecutor asserts that time is not an element of the offense of sexual assault. Therefore, the date variance was immaterial.[4]

The controlling statute in this case is W. Va.Code § 62–2–10 (1923) (Repl.Vol.1997), which states in relevant part that "[n]o indictment or other accusation shall be quashed or deemed invalid ... for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense."[5] This

---

**3.** The record does not contain a written order by the trial court, and a transcript of the proceedings has not been provided.

**4.** As support for her position the prosecutor cites *State v. Miller,* 195 W.Va. 656, 466 S.E.2d 507 (1995) (per curiam), wherein this Court stated that time was not an element of sexual assault. We have indicated repeatedly to the bar that per curiam opinions are not to be cited as authority

to this Court. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

**5.** *See also* W. Va.Code § 61–11–14 (1923) (Repl. Vol.1997), which provides as follows:

> A person acquitted of an offense, on the ground of a variance between the allegations and the proof of the indictment or other accusation ... may be arraigned again upon a new indictment or other proper accusation, and

provision of the statute was discussed in *State v. Pennington*, 41 W.Va. 599, 23 S.E. 918 (1896).[6] The defendant in *Pennington* was convicted of the crime of incest. One of the issues raised in that case was that the indictment provision containing the date of the commission of the crime was defective. The indictment charged the defendant with committing the crime on the "13th day of August, July, 1894." This Court declined to reverse the conviction in view of W. Va.Code § 62–2–10. *Pennington* stated:

> [W]here no statute of limitation bars [an offense], you may wholly omit the date of the offense from the indictment, unless it be one of the rare offenses where time enters into its essence; but, where there is a limitation, you must state [the] date, so it appear the offense is not barred. *Where you do state the date, a variance between that date and the proof is immaterial, in any case, at common-law, so you prove it to be at such a date as brings it within the period of the statute, if any applies.* Where, in any class of cases, whether a bar applies or not, there is an attempt to state [the] date, but its statement is imperfect, it is immaterial, unless the statement shows the offense barred. This is a case of imperfect statement, and is cured by the statute.

*Id.*, 41 W.Va. at 601, 23 S.E. at 919 (emphasis added) (citations omitted). *Accord State v. Lewis*, 138 W.Va. 743, 746, 77 S.E.2d 606, 607 (1953).

This Court again construed W. Va. Code § 62–2–10 in *State v. Chaffin*, 156 W.Va. 264, 192 S.E.2d 728 (1972). The defendant in *Chaffin* was indicted for committing armed robbery on December 27, 1970. At trial, the evidence showed that the crime was actually committed on December 28, 1970. This Court relied upon W. Va.Code § 62–2–10 to find that no prejudice resulted from the variance in dates. In doing so, we held in Syllabus point 4 of *Chaffin* that "[a] variance in the pleading and the proof with regard to the time of the commission of a crime does not constitute prejudicial error where time is not of the essence of the crime charged." [7] We found the variance not prejudicial because "[t]ime is not of the essence of the crime of armed robbery." *Id.*, 156 W.Va. at 268, 192 S.E.2d at 731. *See also State v. St. Pierre*, 693 A.2d 1137, 1141 (Me. 1997) ("Time is not an element of unlawful sexual contact; thus, the State was under no obligation to prove that the sexual contact occurred on the specific dates listed in the indictment."); *State v. Hensley*, 120 N.C.App. 313, 462 S.E.2d 550, 557 (1995) ("[Y]oung children cannot be expected to be exact regarding times and dates[;] a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense." (internal quotations and citations omitted)); *State v. Long*, 320 Or. 361, 885 P.2d 696, 700 (1994) ("[T]he state was not required to prove that the offense was committed on the date alleged in the indictment." (citation omitted)).

Mr. White contends that time is an essential element of the offense of sexual assault in the first degree, insofar as the perpetrator must be fourteen years old or older and the

---

tried and convicted for the same offense, notwithstanding such former acquittal.

This Court had previously found W. Va.Code § 61–11–14 unconstitutional in *State ex rel. Dowdy v. Robinson*, 163 W.Va. 154, 257 S.E.2d 167 (1979). However, *Dowdy* was subsequently overruled in *State v. Adkins*, 170 W.Va. 46, 289 S.E.2d 720 (1982), as being overly broad.

6. Prior to the reorganization of the Code in 1923, W. Va.Code § 62–2–10 appeared in Chapter 158, Section 10 of the Code of 1868. No substantive change was made to the statute when it was reorganized.

7. "Convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment. A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99, 105 (1985) (quoting *Ford v. United States*, 273 U.S. 593, 602, 47 S.Ct. 531, 534, 71 L.Ed. 793, 798 (1927)).

victim must be eleven years old or younger.[8] This argument has no merit. The evidence at trial established Mr. White's date of birth as July 29, 1964. The victim's date of birth was November 4, 1983. The trial evidence further indicated the crime occurred when the victim was about seven years old. Therefore, to the extent time was relevant for establishing the ages of both the victim and the perpetrator, it would appear that the prosecutor in fact established the ages for that purpose.

Mr. White cites this Court's decision in *State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981), to support the trial court's decision granting his motion for acquittal. In *Rector*, this Court disapproved of the State's production of evidence showing that the defendant committed drug offenses in June and July of 1978, where the indictment charged the defendant with committing the drug offenses only in July of 1978. The defendant in the instant case concedes that the facts of *Rector* are distinguishable from the case sub judice. The *Rector* Court was concerned with the unrestricted manner in which the trial court admitted evidence of collateral crimes and the impact of such evidence on the defendant's conviction for the July 1978 offenses. In *Rector*, the defendant was not convicted of committing any crimes in June of 1978.

█ In the instant proceeding, Mr. White further contends that he was prejudiced by the variance of dates because he could not adequately prepare a defense and that he was exposed to subsequent prosecution on an identically worded indictment. In Syllabus point 7 of *State v. Fairchild*, 171 W.Va. 137, 298 S.E.2d 110 (1982), we held that "[t]he variance between the indictment and the proof is considered material where the variance misleads the defendant in presenting his defense to the charge and exposes him to the danger of being put in jeopardy again for the same offense." *Accord State v. Crowder*,

146 W.Va. 810, 836, 123 S.E.2d 42, 57 (1961). While Mr. White argues that he was prejudiced by the time variance when preparing his defense, he does not actually state how he was so prejudiced. Mr. White simply contends that: "Changing [the] time period at trial, especially by as much as 17 months, greatly prejudices any defendant in presenting his defense." This abstract argument is meritless and insufficient as proof of prejudice.

█ On the issue of not being able to assert double jeopardy, Mr. White contends that if convicted of the crimes on the dates proven at trial, the prosecutor could file another indictment setting forth the exact same dates that were contained in the original indictment. Mr. White cites no authority for such an argument. In fact, our case law is clear. A conviction under an indictment charged, though the proof was at variance regarding immaterial dates, precludes a subsequent indictment on the exact same material facts contained in the original indictment. *See generally State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996).

## IV.

### CONCLUSION

In view of this Court's precedents, the trial court erred by granting an acquittal on the sole basis of a variance between the dates contained in the indictment and the dates proven at trial.

Writ granted as moulded.

---

8. Mr. White makes this argument only with respect to sexual assault in the first degree. The petition, without conciseness, indicates charges also included incest, attempted sexual assault in the first degree and sexual abuse by a custodian.