No. 11-1766 – State v. Harris

**FILED**

**April 11, 2013**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Workman, Justice, Concurring:

I concur in the judgment and in all of the majority's reasoning. However, I write separately to express my view that the *ratio decidendi* set forth in *State v. Brown,* 780 P.2d 880 (Wash.App. 1989), and *Covington v. State*, 703 P.2d 436 (Alaska 1985), should be adopted by this Court in analyzing Rule 404(b) challenges in all cases where a child victim testifies to incidents of sexual assault and abuse perpetrated by the defendant but not specifically charged in the indictment.

In *Brown*, the court discussed the "difficulty of presenting testimony [of a child] limited to a specific incident . . . ," reasoning that

> [p]articularly when the accused resides with the victim or has virtually unchecked access to the child, and the abuse has occurred on a regular basis and in a consistent manner over a prolonged period of time, the child may have no meaningful reference point of time or detail by which to distinguish one specific act from another. The more frequent and repetitive the abuse, the more likely it becomes that the victim will be unable to recall specific dates and places. Moreover, because the molestation usually occurs outside the presence of witnesses, and often leaves no permanent physical evidence, the [prosecution's] case rests on the testimony of a victim whose memory may be clouded by a blur of abuse and a desire to forget.

*Brown*, 780 P.2d at 885 (citation omitted).

In *Covington*, the court noted that

> where the specific crime charged was sexual abuse of a minor, the common law position supported by an overwhelming majority of states is that evidence of prior similar conduct with the same victim is admissible . . . first, the evidence tended to establish the ongoing relationship between the accused and the victim and explained, in part, the victim's inability to specifically describe separate incidents; and, secondly, it served to explain the victim's testimony in its context, particularly indicating why she might acquiesce in the defendant's demands . . . the evidence is highly material to explain the witness' difficulties in specifying incidents so that her testimony may be considered in the context in which it arose.

*Covington*, 703 P.2d at 441 (citation omitted).

In the case at bar, the victim, M.R.W., was between the ages of four and six during the time period in which she was molested by the petitioner, who had access to her on multiple occasions over several years. As in many if not most cases involving the sexual assault or abuse of young children, M.R.W. could not specify the particular dates or times of the incidents charged in the indictment. For that reason, the indictment contained a two-year range of time within which each incident occurred.[1] And for that reason, the child victim's testimony concerning multiple instances of sexual assault and abuse by the petitioner

---

[1]It is well established in our precedents that time is not an element of sexually-based offenses. *State ex rel. State v. Reed*, 204 W. Va. 520, 523, 514 S.E.2d 171, 174 (1999); *State v. David D.W.*, 214 W. Va. 167, 173, 588 S.E.2d 156, 162 (2003).

was admissible as intrinsic evidence that was directly probative of an element of the charged offenses. *Cf. State v. Arceo*, 928 P.2d 843 (Haw. 1996) (holding that evidence may be introduced for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based).

In my view, under the rationale of *Brown*, *Covington* and *Arceo*, in any case involving the sexual assault or abuse of a child victim in which the victim cannot specify the exact time, place or circumstance of the offense(s), all of the child's testimony concerning incidents of sexual assault or abuse by the defendant is intrinsic evidence inextricably intertwined with the acts charged in the indictment, and is therefore not subject to exclusion under W.V.R.Ev. 404(b), which deals with extrinsic evidence. Although the majority implicitly acquiesces in this view, I believe that this Court should unequivocally so hold.