# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-1036** (Morgan County CC-33-2016-F-58)

**Justin E. Hobday,**
**Defendant Below, Petitioner**

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Justin E. Hobday, by counsel Sherman L. Lambert, Sr., appeals the November 21, 2017, sentencing order of the Circuit Court of Morgan County following his conviction of two sex crimes. The State of West Virginia ("the State"), by counsel Julianne Wisman, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in granting the State's motion to amend the indictment and by denying his motion for a judgment of acquittal or new trial.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, petitioner was indicted on one count of second-degree sexual assault, one count of first-degree sexual abuse, and one count of cultivation of marijuana.[1] The original indictment indicated that the criminal conduct allegedly occurred "on or about the [seventeenth] day of June of 2016." On April 25, 2017, the State filed a motion to amend the indictment and change the date of the alleged crime to "on or between the [fifteenth] and [sixteenth] of June 2016." The State asserted that the change occurred following the receipt of some text messages from petitioner's counsel that morning. According to the State, it was apparent that the date in the indictment was erroneous and necessitated change. The circuit court held an in

---

[1]Petitioner pled guilty to cultivation of marijuana in April of 2017, and the conviction is not at issue in this appeal.

1

camera hearing and granted the State's motion before petitioner's jury trial commenced on April 26, 2017, over petitioner's objection.

At trial, the victim testified that she received a message from petitioner on June 15, 2016, wherein he requested that she drive to his home that evening. The victim initially declined and stated that she did not have enough money for gasoline to travel. According to the victim, petitioner offered her ten dollars for gasoline, and she then agreed to come. The victim testified that once she arrived, they smoked marijuana and watched a movie together. The victim testified that during this time, petitioner flirted with her, but she explained to him that she "wasn't there for that reason." The victim testified that when she questioned petitioner regarding the money for gasoline, he stated that he would not have the money until the morning. The victim explained that she lay in petitioner's bed to sleep, and petitioner began rubbing her chest, shoulders, and arms. The victim again stated to petitioner that "it wasn't going to happen." Petitioner told her that his hand was cold and reached between her legs, under her clothing. The victim testified that she removed his hand and petitioner got angry and was quiet for a couple of minutes. Petitioner's recorded statement to law enforcement was played for the jury. In this statement, petitioner asserted that he fell asleep after the victim removed his hand from between her legs and that they did not have sex.

However, the victim testified that petitioner rolled on top of her and attempted to kiss her. The victim explained that she tried to "push [petitioner] away" and yelled that she "didn't want it." The victim testified that, despite her struggling, petitioner partly removed her leggings while holding one of her arms above her head. The victim suffered abrasions to her left wrist which were later documented by a forensic nurse. Ultimately, the victim testified that petitioner penetrated her vagina with his penis and ejaculated on her stomach. Afterward, petitioner laid on the victim's chest and told her that he was sorry. The victim testified that she remained at petitioner's home until she received the promised gas money the next morning. The victim explained that she drove to her home, changed clothes, and reported the incident to the police. Later, the victim's clothes tested positive for seminal fluid and spermatozoa that matched petitioner's DNA profile. Petitioner did not testify. The jury ultimately convicted petitioner of two counts of first-degree sexual abuse.

Petitioner filed motions for a new trial and judgement of acquittal which were heard on November 7, 2017, and denied by the circuit court. The circuit court sentenced petitioner to concurrent indeterminate terms of one to five years for his two sexual abuse convictions. Additionally, the circuit court ordered that these terms would be served consecutive to petitioner's prior conviction for cultivation of marijuana. The circuit court memorialized its decision in its November 21, 2017, sentencing order. Petitioner now appeals that order.

On appeal, petitioner first argues that the circuit court erred in granting the State's motion to amend the indictment without resubmission to a grand jury. Petitioner asserts that the amendment sufficiently changed the form and substance of the indictment such that resubmission to the grand jury was necessary. According to petitioner, the date of the crime was an essential element, and a circuit court's amendment of essential elements subverts the purpose of the grand jury. We disagree.

2

We have recognized that a trial court's decision to allow an amendment to an indictment is reviewed for an abuse of discretion. *State v. Adams,* 193 W.Va. 277, 283, 456 S.E.2d 4, 10 (1995). To constitute reversible error, petitioner must show not only that the trial court abused its discretion, but also that the amendment prejudiced his defense. *Id.* "An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment." *Id.* at 279, 456 S.E.2d at 6, Syl. Pt. 2.

The amendment in this case was not "substantial." The amendment simply corrected a clerical error in the indictment as to the time of the alleged offense. West Virginia Code § 62-2-10 provides that "[n]o indictment . . . shall be . . . deemed invalid for . . . stating imperfectly[ ] the time at which the offense was committed, when time is not of the essence of the offense." We have made clear that "[a] variance in the pleading and the proof with regard to the time of the commission of a crime does not constitute prejudicial error where time is not of the essence of the crime charged." Syl. Pt. 4, *State v. Chaffin,* 156 W.Va. 264, 192 S.E.2d 728 (1972). Specifically, we have explained that "[b]ecause time is not an element of the crime of sexual assault, the alleged variances concerning when the assaults occurred [do] not alter the substance of the charges against the defendant." *State v. Miller,* 195 W.Va. 656, 663, 466 S.E.2d 507, 514 (1995).

Further, petitioner's argument that he was surprised or prejudiced by the amendment is unpersuasive.[2] Petitioner asserts that his trial strategy was significantly altered by the amendment as his defense was "predicated upon the specific date alleged in the [i]ndictment, which was July 17, 2016." However, petitioner did not present a notice of alibi defense to the State or otherwise indicate that the date listed in the indictment was significant to his defense. Moreover, petitioner provided an audio statement to the police that corroborated the victim's testimony that the two met on June 15, 2016, at the petitioner's home. Clearly, petitioner placed himself in the presence of the victim at the time the crime was committed and was not prepared to argue otherwise. Also, petitioner argues that he was surprised by the amendment. Yet, the State noted that the motion to amend the date in the indictment was in response to text messages provided as discovery by petitioner. Therefore, petitioner must have been aware of the dates and times included in those text messages and the mistake made in the indictment. As such, we find that petitioner was not prejudiced by the amendment and that the circuit court did not abuse its discretion in granting the State's motion to amend the indictment.

Petitioner also argues that the circuit court erred in denying his motion for judgment of acquittal because no rational trier of fact could have found sufficient evidence of first-degree sexual abuse.[3] Specifically, petitioner argues that the victim's testimony was incredible. We find

---

[2]In the circuit court, petitioner did not argue that the amendment surprised or prejudiced him. Rather, petitioner argued only that the amendment was a substantial change.

[3]West Virginia Code § 61-8B-7 provides, in relevant part: "[a] person is guilty of sexual abuse in the first degree when: [s]uch person subjects another person to sexual contact without

(continued . . .)

3

no merit to petitioner's argument. The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). As this Court has further explained:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Moreover,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt 3, in part.

In this case, the victim testified that she traveled to West Virginia to spend time with petitioner. Once there, the victim explained that she refused petitioner's sexual advances on multiple occasions, stating to him bluntly that "it wasn't going to happen." However, the victim explained that petitioner rolled on top of her body, held one of her arms above her head, partially removed her leggings, and subjected her to sexual contact. The victim's wrist suffered abrasions consistent with this testimony, and petitioner's DNA was found on her clothing. To the extent that petitioner argues that the victim's testimony was incredible, we have previously explained that "credibility determinations are for a jury and not an appellate court." *Id*. Clearly, the jury found that the victim's testimony of the events was credible and that she did not consent to sexual activity. Consequently, we find no error in the circuit court's denial of petitioner's motion for

---

their consent, and the lack of consent results from forcible compulsion." Further, "forcible compulsion" is defined in West Virginia Code § 61-8B-1 as "[p]hysical force that overcomes such earnest resistance as might reasonably be expected under the circumstances." This section notes that "'resistance' includes physical resistance or any clear communication of the victim's lack of consent." *Id.*

4

judgment of acquittal.

Accordingly, for the foregoing reasons, we affirm the circuit court's November 21, 2017, final sentencing order.

Affirmed.

**ISSUED**:   January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison