IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

No. 16-0331

**FILED**

**April 6, 2017**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

GMS MINE REPAIR AND MAINTENANCE, INC.,
Defendant Below, Petitioner

v.

JEFFREY S. MIKLOS,
Plaintiff Below, Respondent

Petition for Writ of Prohibition

WRIT GRANTED AND REMANDED WITH INSTRUCTIONS

Submitted: January 24, 2017
Filed: April 6, 2017

Avrum Levicoff, Esq.
Sunshine R. Fellows, Esq.
The Levicoff Law Firm, P.C.
Pittsburgh, Pennsylvania
Counsel for Petitioner

Jonathan R. Marshall, Esq.
Patricia M. Kipnis, Esq.
Sandra Henson Kinney, Esq.
Bailey & Glasser, LLP
Charleston, West Virginia

Jason E. Causey, Esq.
Bordas & Bordas, PLLC
Wheeling, West Virginia

Rodney A. Smith, Esq.
Todd S. Bailess, Esq.

Bailess Smith, PLLC
Charleston, West Virginia
Counsel for Respondents

CHIEF JUSTICE LOUGHRY delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.  "A writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. Pt. 1, *State Farm Mut. Auto. Ins. Co. v. Stephens*,188 W.Va. 622, 425 S.E.2d 577 (1992).

2.  "Rule 16(b) of the *West Virginia Rules of Civil Procedure* [1998] requires active judicial management of a case, and mandates that a trial court 'shall . . . enter a scheduling order' establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case." Syl. Pt. 2, *Caruso v. Pearce*, 223 W.Va. 544, 678 S.E.2d 50 (2009).

3.  Where the interests of judicial efficiency and economy warrant, a circuit court may defer ruling on class certification under Rule 23(c)(1) of West Virginia Rules of Civil Procedure until a motion for summary judgment directed to the purported class representative's claim is decided.

4.  When a circuit court elects to defer ruling on the issue of class certification pending its decision on a motion for summary judgment, class discovery should be stayed until such time as the circuit court decides the motion, unless the non-moving party has

i

demonstrated that significant prejudice will result from a discovery stay. Whether a party has demonstrated significant prejudice will necessarily require the circuit court to consider the procedural posture of the case and fairness to the parties in conjunction with the objective of advancing the goal of a "just, speedy, and inexpensive determination of every action." *See* W.Va. R. Civ. P. 1.

LOUGHRY, Chief Justice:

The petitioner (defendant below), GMS Mine Repair and Maintenance, Inc., appeals the circuit court's interlocutory order entered on March 3, 2016, through which it denied the petitioner's motion to stay class discovery. Assigning error in the circuit court's ruling, the petitioner asserts that the stay was sought to promote effective case management procedures and thereby achieve a just, speedy, and inexpensive resolution of this putative class action. Although the petitioner invites this Court to extend the collateral order doctrine to interlocutory discovery orders that implicate case management, we decline to do so. Instead, we choose to consider this matter as a petition for a writ of prohibition.[1] Upon our careful review of the parties' briefs, the arguments of counsel, the appendix record submitted, and the applicable law, we grant the writ and remand this action to the circuit court for further proceedings consistent with this opinion.

---

[1]*See* W.Va. R. A. P. 2 ("In the interest of expediting decision, or for other good cause shown, the Supreme Court may suspend the requirements or provisions of any of these Rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. These Rules shall be construed to allow the Supreme Court to do substantial justice."); *see also State ex rel. Register-Herald v. Canterbury*, 192 W.Va. 18, 19 n.1, 449 S.E.2d 272, 273 n.1 (1994) ("In this case, it is logical to treat the appeal filed by Mr. Thomas as a prohibition since it challenges the scope of the injunction entered by the circuit court."); *cf. State ex rel. Lloyd v. Zakaib*, 216 W.Va. 704, 705 n.1, 613 S.E.2d 71, 72 n.1 (2005) (treating petition for writ of prohibition as petition for appeal).

1

## I. Facts and Procedural Background

On June 9, 2015, the respondent (plaintiff below), Jeffrey S. Miklos, filed a putative class action alleging the petitioner had failed to pay him and other similarly situated employees their final wages within the time period mandated by the West Virginia Wage Payment and Collection Act, West Virginia Code §§ 21-5-1 to -18 (2013 & Supp. 2016) (the "Act"). Specifically, the respondent alleged the petitioner terminated his employment on February 9, 2015, and then failed to pay his final wages within four business days of his termination from employment as required under the Act.[2]

On June 17, 2015, the respondent served his summons and complaint upon the petitioner. Having received an extension of time by which to answer the complaint, the petitioner filed its answer on August 19, 2015.

---

[2]At the time the respondent's employment was terminated, West Virginia Code § 21-5-4 (2013), provided:

> (b) Whenever a person, firm or corporation discharges an employee, the person, firm or corporation shall pay the employee's wages in full no later than the next regular payday or four business days, whichever comes first. Payment shall be made through the regular pay channels or, if requested by the employee, by mail. For purposes of this section, "business day" means any day other than Saturday, Sunday or any legal holiday as set forth in section one, article two, chapter two of this code.

*Id.* Effective June 11, 2015, the Legislature amended West Virginia Code § 21-5-4 by, inter alia, deleting the words "four business days" and providing that final wages are to be paid to a discharged employee "on or before the next regular payday on which the wages would otherwise be due and payable[.]" *Id.* (Supp. 2016).

Along with the summons and complaint, the respondent simultaneously served the petitioner with interrogatories and requests for production of documents. These discovery requests were directed not only to the respondent's individual wage claim, but also to the scope and membership of the purported class, seeking the identification of all the petitioner's employees in West Virginia who were discharged within the last five years. For each discharged employee, the respondent sought information concerning the last day worked, the date the employee was informed of his/her termination, the official termination date, the gross amount of wages paid upon termination of the employment, an itemized description of the wages paid, and the manner in which the wages were paid. The respondent further sought records evidencing the date of discharge for such employees, including copies of letters and memoranda regarding the employees' discharge, notices, write-ups, e-mails, documentation regarding final paychecks, and the last known home address and telephone number for each discharged employee.

The petitioner did not respond to the discovery requests within the prescribed time period under the rules of civil procedure. There were communications, however, between the parties' attorneys concerning discovery. The petitioner's counsel suggested that it would be a better use of the parties' resources and energy to defer class discovery[3] pending

---

[3]The parties use the terms "class discovery" and "class-based discovery." Under the current procedural posture of the litigation, such discovery may be more accurately described
(continued...)

3

the development and resolution of a threshold legal issue of statutory construction that could be dispositive of the respondent's wage claim.[4]  The respondent's counsel disagreed and rejected the petitioner counsel's proposal.  Thereafter, on December 18, 2015, the petitioner answered the respondent's discovery requests directed to his individual claim but objected to the class discovery as being overly broad, unduly burdensome,[5] and premature.

On December 22, 2015, the petitioner filed a motion to stay class discovery, requesting that such broad and possibly needless discovery be deferred pending the circuit court's ruling on the central legal question, which the petitioner intended to raise in a motion

[3](...continued)
as "precertification discovery" or "certification-related discovery." *See* William B. Rubenstein, Newberg on Class Actions, § 7.14, p. 67 (5th ed. 2013) ("Discovery related to the certification motion is sometimes referred to as 'precertification discovery' though it is more accurate to label it 'certification-related discovery.'").  We also recognize, however, that certification-related discovery may overlap with merit-based discovery.  *Id.*, § 7.17, p. 82.  For purposes of our opinion today, we follow the parties' lead and simply use the term "class discovery."

[4]The parties have differing interpretations of what constitutes a "discharge" for purposes of the timely payment of final wages under the Act.  The respondent alleges he was involuntarily terminated from employment on February 9, 2015, making the payment of his final wages on February 20, 2015, untimely under the Act.  Conversely, the petitioner alleges that it made its decision to discharge the respondent on February 14, 2015, making its payment of the respondent's final wages timely under the Act.  *See supra* note 2. The petitioner argues that the circuit court's ruling on what "discharge" means under the Act will be dispositive of the petitioner's claim.  We express no opinion on the merits of this issue of statutory construction.

[5]Because it does not maintain the information sought in discovery in a "conveniently accessible electronic form," the petitioner alleges there is "considerable burden attendant upon compliance" with the class discovery sought.

for summary judgment.[6]  The petitioner argued that "with only a small amount of further development," the evidentiary record will show that the respondent received his final wages in accordance with the Act, at which point his claim fails and he would not be a proper class representative.  Arguing further, the petitioner stated:

> [It] should not be required to engage in overly burdensome, disruptive and expensive class discovery until Plaintiff first makes a *prima facie* showing that he himself has a viable claim. Defendant therefore respectfully requests that this Court use its inherent authority to regulate the course of discovery to minimize any unfair burden.  Doing so will allow for an orderly progression of the case, and will not prejudice any parties or unnecessarily delay this action.

On February 29, 2016, the respondent filed a response in opposition to the motion for a stay.[7]  The respondent argued that the petitioner had waived its objections by failing to either timely answer the discovery or request an extension of time to answer; that even if the objections had not been waived, they were meritless; and that, in any event, discovery should not be stayed to allow the petitioner to file a dispositive motion.

The circuit court held a hearing on the motion and subsequently entered an order on March 3, 2016, denying the request to stay class discovery.  The circuit court simply

---

[6]The circuit court's docketing statement in the appendix record reflects that the petitioner filed its motion for summary judgment on May 20, 2016.

[7]The circuit court's docketing statement in the appendix record reflects that the respondent filed a motion to compel discovery on February 25, 2016.

found, as the respondent had argued, that the petitioner had waived its objections to class discovery, as they were untimely raised, and had further failed to meet its burden of demonstrating why such discovery should not proceed. Relying upon *Love v. Georgia-Pacific Corporation*, 214 W.Va. 484, 590 S.E.2d 677 (2003), and *Gulus v. Infocision Management Corporation*, 215 W.Va. 225, 599 S.E.2d 648 (2004),[8] the circuit court found that class discovery is appropriate when there is factual uncertainty. It is from these rulings that the petitioner seeks relief.

## II.  Standard of Review

The petitioner seeks our review of the circuit court's interlocutory order under the collateral order doctrine.[9] While the petitioner describes the issue as one of case management, the circuit court's order is a discovery ruling through which it denied a request to stay discovery on the grounds of timeliness and waiver. Although we decline to extend the collateral order doctrine to interlocutory discovery rulings as the petitioner requested, there is an alternative mechanism for obtaining review. In *State Farm Mutual Automobile Insurance Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992), we held that "[a] writ of

---

[8]These cases are discussed *infra*. *See* III. B.

[9]*See Credit Acceptance Corp. v. Front,* 231 W.Va. 518, 523, 745 S.E.2d 556, 561 (2013) ("An interlocutory order would be subject to appeal under [the collateral order] doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.") (internal citation omitted).

6

prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." *Id.*, at 624, 425 S.E.2d at 579, syl. pt. 1; *see also accord State ex rel. Potomac Trucking and Excavating, Inc. v. Courrier*, No. 16-0183, 2016 WL 5851925 (W.Va. Oct. 6, 2016) (memorandum decision) (issuing writ of prohibition where circuit court acted outside scope of discovery rule by ordering defendant's employee to participate in accident recreation); *State ex rel. Erickson v. Hill*, 191 W.Va. 320, 445 S.E.2d 503 (1994) (issuing writ of prohibition because circuit court had abused its discretion in ordering Ms. Erickson to respond to burdensome and oppressive discovery). Accordingly, we elect to entertain this matter under our original jurisdiction in prohibition and review the circuit court's ruling under an abuse of discretion standard.

### III. Discussion

The petitioner's assignment of error involves issues of case management and whether a threshold legal issue should be resolved prior to conducting class discovery. We consider these matters in turn below.

### A. Case Management

Through its motion to stay class discovery, the petitioner identified a potentially dispositive issue of statutory construction related to the respondent's individual claim. The petitioner argues that the circuit court erred by ignoring this legal issue; by ruling

7

that its objections to class discovery were waived as untimely asserted; and by summarily rejecting its request for a stay. Maintaining that the circuit court's failure to recognize the case management implications and the protective nature of its request for a stay is particularly onerous, the petitioner notes that the court had failed to implement any of the case management procedures provided under the West Virginia Rules of Civil Procedure. Specifically, the petitioner points to the absence of any scheduling order or scheduling conference under Rule 16, or a case management conference or discovery conference under Rules 26(f). Asserting that the need for efficient management of discovery is especially critical in putative class actions, the petitioner argues that in the absence of either a properly-conducted case management and/or discovery conference or entry of a scheduling order, the circuit court's refusal to defer class discovery pending a determination of a "narrow and fundamental dispositive legal issue in this litigation" constitutes an abuse of discretion.

The respondent counters that the circuit court correctly denied the petitioner's motion for a stay on the basis that any objections to class discovery had been waived by the petitioner's untimely assertion of such challenges. The respondent observes that the sequence of discovery and whether discovery should be stayed is within a trial court's discretion.

In this Court's opinion, we are compelled to conclude that the circuit court's waiver ruling[10] and finding that the petitioner had no excuse for not timely responding to discovery were exceptionally harsh where the parties' counsel had endeavored, albeit unsuccessfully, to resolve the timing of class discovery; the petitioner soon thereafter fully answered the discovery directed to the respondent's individual claim and filed its motion for a stay of class discovery; the respondent had not moved to compel discovery responses prior to the petitioner moving for a stay; and the respondent did not move to compel until two months *after* the petitioner filed its motion.[11] Further, although the lack of case management was identified in the petitioner's motion for a stay, the circuit court did not undertake to fulfill its role in that regard, prompting the petitioner to file a motion on April 5, 2016, seeking a Rule 16 scheduling conference and a Rule 26(f) discovery conference.

When presented with these circumstances, the circuit court should have ruled upon the merits of the petitioner's motion with particular consideration to its management of this putative class action, including whether class discovery should be stayed pending resolution of the threshold legal issue that had been identified. Rather than addressing the significant concerns raised in the petitioner's motion related to the timing of class discovery,

---

[10]"[A]s a practical matter interrogatories are seldom answered on time, for the simple fact that it is often very difficult to do so within time period set out under Rule 33(b)(3)." Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 33(b)(3)[2], p. 877 (4th ed. 2012).

[11]*See supra* note 7.

9

the circuit court simply deemed the petitioner's discovery objections waived. Critically, whether the petitioner's objections were waived as untimely does not resolve the issue of whether such discovery should be stayed until such time as the circuit court rules on the dispositive legal issue that had been identified by the petitioner. Certainly, "Rule 26(c)(2) may be used to stay discovery pending the outcome of a dispositive motion or other matter." Cleckley, *et al.*, *Litigation Handbook*, § 26(c)(2)[2], p. 750. Here, the circuit court's discovery ruling exacerbated the impact of its failure to hold a discovery conference under Rule 26(f); enter an order establishing a plan and schedule for discovery; set limitations on discovery, if any; or determine such other matters necessary for the proper management of discovery in the action. W.Va. R. Civ. P. 26(f).

In addition, the circuit court also failed to employ the case management tools provided under Rule 16:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as:
>
> (1) Expediting the disposition of the action;
>
> (2) Establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) Discouraging wasteful pretrial activities[.]

W.Va. R. Civ. P. 16(a), in part. In fact,

10

> Rule 16 . . . "is the principal source of the powers and tools that . . . courts are to use to achieve the fundamental purpose articulated by Rule 1 of the . . . Rules of Civil Procedure: securing 'the just, speedy, and inexpensive determination of every action and proceeding.'" James Wm. Moore, 3 *Moore's Federal Practice, 3d Edition* § 16.03 (2007).

*Caruso v. Pearce*, 223 W. Va. 544, 548, 678 S.E.2d 50, 54 (2009). Importantly, Rule 16 mandates active judicial management of a case:

> (b) Scheduling and Planning. — Except in categories of actions exempted by the Supreme Court of Appeals, the judge **shall**, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail or other suitable means, enter a scheduling order that limits the time:
> • • • •
> (3) To complete discovery.
>
> The scheduling order also may include:
> • • • •
> (5) Any other matters appropriate in the circumstances of the case.

W.Va. R. Civ. P. 16(b), in part (emphasis added). This rule further provides that the circuit court may take appropriate action at any conference held under the rule concerning:

> (1) The formulation and simplification of the issues, including the elimination of frivolous claims or defenses;
> • • • •
> (5) The appropriateness and timing of summary adjudication under Rule 56;
>
> (6) The control and scheduling of discovery;
> • • • •
> (12) The need for adopting special procedures for managing potentially difficult or protracted actions that may involve

11

complex issues, multiple parties, difficult legal questions, or unusual proof problems;

• • • •

(16) Such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

W.Va. R. Civ. P. 16(c), in part.

In short, the case at bar presents a clear example of a situation where the parties would have benefitted had the circuit court simply undertaken its managerial role that is mandated by our Rules of Civil Procedure. *See Caruso*, 223 W.Va. at 546, 678 S.E.2d at 52, syl. pt. 2 ("Rule 16(b) of the *West Virginia Rules of Civil Procedure* [1998] requires active judicial management of a case, and mandates that a trial court 'shall . . . enter a scheduling order' establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case."). Indeed, "[t]he absence of a Rule 16(b) scheduling order 'can result in lack of focus, inefficiency, and delays in disposition.' James Wm. Moore, 3 *Moore's Federal Practice*, *3d Edition* § 16.10 [2]." *Caruso*, 223 W.Va. at 549, 678 S.E.2d at 55.

Just as in *Caruso*, the circuit court failed to enter a scheduling order despite the mandatory directive of Rule 16(b). Certainly, the entry of a scheduling order under Rule 16 and/or a discovery conference and management order under Rule 26(f) would have revealed

12

the benefits of staying class discovery in this matter. Moreover, such conferences and orders would have aided the circuit court in fulfilling the mandate set forth in Rule 23(c)(1): "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

In summary, the parties' briefs and the circuit court's docketing statement in the appendix record reveal that the circuit court abdicated its role to actively manage this putative class action. The respondent filed his complaint on June 9, 2015, yet the first order entered by the circuit court was not a mandatory scheduling order or a discovery management order but instead the March 3, 2016, order denying the petitioner's motion to stay class discovery. Through that order, the circuit court, which had yet to act, found waiver because the petitioner had failed to act quickly enough. Resultantly, the threshold legal issue[12] that could obviate the need for class discovery remains unaddressed. Under these circumstances, we find the circuit court substantially abused its discretion with its issuance of the subject discovery ruling.

### B. Class Discovery and Motions for Summary Judgment

We now turn to the issue of whether class discovery should proceed when a defendant files or intends to file a motion for summary judgment on the purported class

---

[12]*See supra* note 4.

representative plaintiff's individual claim. The petitioner asserts that a stay of class discovery is a generally recognized method for dealing with class issues, particularly where, as here, "there is substantial doubt about the viability of Respondent's individual claim, and because the expense and burden of class discovery will be rendered meaningless if the summary judgment motion is successful[.]" The petitioner maintains that "the circuit court did not consider the vast weight of authority throughout the country explicitly recognizing that a just, speedy, and inexpensive resolution of a putative class action can be obtained by resolving motions for summary judgment on the named plaintiff's claims before conducting class discovery." Conversely, the respondent argues that Rule 23 of the West Virginia Rules of Civil Procedure requires a determination of class certification "'[a]s soon as practicable after the commencement of an action brought as a class action,'[13] which "strongly supports a trial court's decision to permit early class discovery." Citing a handful of federal decisions where courts refused to stay class discovery while a defendant sought summary judgment,[14]

---

[13]W.Va. R. Civ. P. 23(c).

[14]*See True Health Chiropractic Inc v. McKesson* Corp., No. 13-cv-02219-JST, 2015 WL 273188, *1, *3 (N.D. Cal. Jan. 20, 2015) (observing that "[t]he decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court" and finding that "bifurcation of discovery at this time is not warranted."); *Adams v. AllianceOne, Inc.*, No. 08-CV-248-JAH (WVG), 2011 WL 2066617, *2 (S.D. Ca. May 25, 2011) ("Defendant resisted further class discovery on grounds that a grant of its summary judgment motion would vitiate the need for the discovery. After consideration, the Court denied Defendant's motion to stay discovery, *again* ordered Defendant to produce documents, and warned Defendant of the consequence of not complying."); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 502 (N.D. Ill. 2009) (granting, in part, plaintiff's motion to compel discovery and denying defendant's motion to stay class discovery pending resolution
(continued...)

14

the respondent asserts that staying such discovery would simply allow the petitioner, who failed to produce any evidence demonstrating why a stay should be ordered, to further delay these proceedings.[15]

As we begin our analysis, we are mindful that "'a class cannot be certified unless the named plaintiffs have a cause of action.'" *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 827 (Ill. 2005) (internal citations omitted).[16] In *Addo v. Aliloska*, No. 1-14-

---

[14](...continued)
of "'to-be-filed'" motion for summary judgment); *Wike v. Vertrue, Inc.*, No. 3:06-0204, 2007 WL 869724, at *11 (M.D. Tenn. Mar. 20, 2007) (overruling as moot defendant's challenge to magistrate judge's decision not to stay class discovery pending district court's decision on dispositive motion). These cases confirm, as do the cases cited, *infra*, that whether to stay discovery is subject to a trial court's discretion.

[15]The respondent has cited a few federal district court cases in West Virginia where class discovery was ordered. Those discovery decisions appear to have been tied to the particular facts and procedural posture of each case. Other courts caution against precertification class discovery, particularly where there is a question as to the viability of the purported class representative's claim. *See, e.g., First Am. Title Ins. Co. v. Superior Court*, 53 Cal.Rptr.3d 734, 742 (Cal. Ct. App. 2007) (finding trial court abused its discretion in granting precertification discovery where named plaintiff was never member of purported class and observing that court "must weigh the danger of possible abuses of the class action procedure against the rights of the parties under the circumstances").

[16]We observe that the Illinois class action rule, 735 ILCS 5/2-801, is similar to Rule 23 of the West Virginia Rules of Civil Procedure in that both consider issues of typicality, commonality, numerosity, and adequacy of representation. *See* W.Va. R. Civ. P. 23(a), in part ("One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.").

15

0765, 2015 WL 9594034 (Ill. App. Ct. Dec. 31, 2015), the court addressed issues related to the potential class action brought by the plaintiff, who had alleged, inter alia, statutory violations relating to her residential tenancy. The trial court found that the time-line in the payment of rent, as revealed in discovery directed to the plaintiff, demonstrated she would not be entitled to any damages nor be able to state a cause of action under a landlord tenant ordinance. Because the named plaintiff lacked a claim, the appellate court decided she could not bring a class action: "Where, as here, a putative class representative has no valid claim in her own right, she cannot bring such a claim on behalf of a putative class. . . . Since plaintiff could not maintain an individual claim under class action count I, we affirm the . . . order dismissing class action count I." *Id.* at *9.

In *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010), this Court addressed three separate appeals in an environmental class action lawsuit. Justice Ketchum penned a separate opinion[17] in which he opined that the "[trial] court's exclusion of evidence central to the claim of a leading class representative turns the class-action concept on its head." *Perrine*, 225 W.Va. at 592, 694 S.E.2d at 925 (Ketchum, J., dissenting, in part, and concurring, in part). Justice Ketchum further observed that "[t]he class's case depended on the class representatives' case." *Id.*, at 593, 694 S.E.2d at 926

---

[17]Justice Ketchum concurred in the award of a new trial and in the ruling that punitive damages are not recoverable in medical monitoring claims, but otherwise dissented.

(internal citations omitted). Citing the Illinois case of *Avery* with favor, Justice Ketchum stated:

> Mrs. Perrine was a lead class representative in this case . . . . The fact that she showed no signs of exposure (much less significant exposure) counts against any award of class-wide relief. *See*, *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 139, 296 Ill.Dec. 448, 835 N.E.2d 801, 827 (2005) ("It is well settled that a class cannot be certified unless the named plaintiffs have a cause of action."). Fundamental to a class action is that the class representative is "typical" of and serves as a proxy for the absent class members, permitting the jury to evaluate the class's claims by evaluating the class representative's claims. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006). (A class action "allows a representative party to prosecute his own claims and the claims of those who present similar issues."); Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 1:1, at 2 (4th ed. 2002) (Class actions are "[r]epresentative suits on behalf of others similarly situated.").

*Perrine*, 225 W.Va. at 592, 694 S.E.2d at 925. We are informed by Justice Ketchum's analysis in *Perrine* as we consider the issue currently before the Court.

Turning to the cases cited by the circuit court in refusing to stay class discovery, *Love v. Georgia-Pacific Corp.*, 214 W.Va. 484, 590 S.E.2d 677 (2003), and *Gulas v. Infocision Managment Corp.*, 215 W.Va. 225, 599 S.E.2d 648 (2004), we agree with the petitioner that neither case supports the circuit court's decision. In *Love*, six years after the action was initially filed, the plaintiff filed a motion to conduct class discovery and a motion to certify a class. The circuit court denied both motions. The plaintiff appealed the denial

of class certification, arguing such decision was premature. On appeal, the majority of this Court found the circuit court erred in denying class certification without first allowing the plaintiff to conduct discovery on the prerequisites for class certification. Similarly, in *Gulas*, we addressed a circuit court's denial of class certification. Finding the record on appeal insufficient to determine whether the denial should be upheld, we remanded the action for limited discovery on class certification. We observed, as we had in *Love*, that "'[t]he party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied.'" *Gulas*, 215 W.Va. at 228, 599 S.E.2d at 651 (internal citations omitted).

Any reliance on *Love* and *Gulas* to resolve the specific discovery issue before the circuit court was improper. Critically, unlike those cases, we are not reviewing an order denying class certification, which has yet to be addressed by the circuit court. Further, the denial of a motion to amend a complaint is not before us, as it was in *Gulas.* Instead, the ruling before us is the circuit court's denial of the petitioner's motion for a stay of class discovery pending the resolution of a threshold legal issue concerning the viability of the respondent's claim,[18] particularly in the absence of a properly conducted case management conference and scheduling order. Moreover, staying class discovery until such time as the

---

[18]*See supra* note 4.

circuit court rules on this potentially dispositive issue is not inconsistent with either *Love* or *Gulas.*

In *McFoy v. Amerigas, Inc.*,170 W.Va. 526, 295 S.E.2d 16 (1982), this Court addressed whether the circuit court had appropriately ruled on the question of liability before it defined the class of plaintiffs. Although decided under an earlier version of Rule 23, which did not contain a time component for determining whether a class action could be maintained, we observed that the federal rules required such a determination to be made "'as soon as practicable after the commencement of the action[.]'" *Id.*, at 531, 295 S.E.2d at 21 (internal citation omitted). We answered the question, stating that "[w]here the factual circumstances of a case make it appropriate to determine liability before determining the class of plaintiffs, it is within the court's discretion to do so." *Id.* We later cited *McFoy* with approval, noting: "This is not to say . . . that Rule 23 mandates that a circuit court in every case must fully certify a class before proceeding to a consideration of the merits." *In West Virginia Rezulin Litigation,* 214 W.Va. 52, 63 n.7, 585 S.E.2d 52, 63 n.7 (2003).

In addition, we find overwhelming support for resolving threshold legal issues in class actions prior to conducting class discovery and ruling on class certification both in the jurisprudence of other courts and in legal treatises. As discussed in the seminal treatise on class actions, courts deciding dispositive motions before ruling upon class certification

19

"rely on efficiency concerns, noting that if a plaintiff's case clearly lacks merit and can be disposed of quickly, the court and parties avoid the expense of adjudicating a class suit." William B. Rubenstein, *Newberg on Class Actions*, § 7.8, p. 37 (5th ed. 2013).  In fact, "courts have been willing to rule on motions for summary judgment prior to class certification in circumstances in which it would facilitate efficient resolution of the case." *Newberg on Class Actions*, § 7.10, p. 50.  As suggested in the Federal Judicial Center, Manual for Complex Litigation,

> [t]he court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification; however, such rulings bind only the named parties.  Most courts agree . . . that such precertification rulings on threshold dispositive motions are proper, and one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment.  Precertification rulings frequently dispose of all or part of the litigation.
>
> • • • •
>
> Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits.

Federal Judicial Center, Manual for Complex Litigation (4th) § 21.133, p. 253 (internal footnotes omitted).   Other commentators sagely advise that

> [a] court should be vigilant in deciding a summary judgment motion before certifying a class to save litigants unnecessary expense and to economize on judicial time.  For these reasons, we encourage prompt judicial consideration of summary judgment motions in class actions.

Bruent, E., Parry, J., and Redish, M., *Summary Judgment: Federal Law and Practice,* §10.16 (Nov. 2016). Further, "[w]here the factual circumstances of a case make it appropriate to determine liability before determining the class of plaintiffs, it is within the court's discretion to do so." Cleckley, *et al.*, *Litigation Handbook*, § 23(c)[2], p. 614. We concur with the petitioner that "the facts of the present situation unquestionably illustrate the fundamental flaw, and resulting unfairness, of permitting a plaintiff to invoke the class action mechanism and its attendant procedures without first establishing the existence of a viable individual claim." Other courts agree.

In *Wright v. Schock*, 742 F.2d 541 (9th Cir. 1984), the plaintiffs challenged the district court's grant of summary judgment in favor of the defendants, arguing the district court should first rule on class certification. In addressing the issue, the Ninth Circuit turned to Federal Rule of Civil Procedure 23(c)(1), which at that time provided, as does the current version of West Virginia Rule of Civil Procedure 23(c)(1), that the court shall rule on the issue of class certification "'[a]s soon as practicable after the commencement of an action brought as a class action. . . .'" *Wright*, 742 F.2d. at 543. The Ninth Circuit found that this language left "'much room for discretion'" and that the word "'practicable' . . . calls upon judges 'to weigh the particular circumstances of particular cases and decide concretely what will work[.]'" *Id.* (internal quotations and citations omitted). After considering the decisions of other federal courts of appeal in which summary judgment rulings were made prior to

addressing class certification, the Ninth Circuit determined that "the timing provision of Rule 23 is not absolute. Under the proper circumstances–where it is more practicable to do so and where the parties will not suffer significant prejudice–the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright*, 742 F.2d at 543-44.[19]

In *Curtin v. United Airlines, Inc.*, 275 F.3d 88 (D.C. Cir. 2001), the appellate court explained that

> it is often more efficient and fairer to the parties to decide the class question first. But that was not so in this case where, as we discuss below, the district court readily and correctly

---

[19]In 2003, Federal Rule of Civil Procedure 23 was amended to provide for the determination of class certification "at an early practicable time[,]" rather than "as soon as practicable," as previously provided. The Advisory Committee drafting this change "noted that providing courts with additional time served several important goals, including the fact that '[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.'" *Newberg on Class Actions* § 7:8, pp. 38-39; *see also Blake v. Financial Mgmt. Sys., Inc.*, No. 11 C 612, 2011 WL 4361560, *3 (N.D. Ill. Sept. 19, 2011) ("The 2003 amendment to Rule 23 seems to recognize that timing will vary based on the circumstances of individual cases, and the class certification decision may not always be the first substantive decision made in a case filed as a class action."). Although our Rule 23 still provides that whether an action is to be maintained as a class action is to be decided "as soon as practicable," we find persuasive the federal decisions ruling on dispositive motions prior to class certification, particularly since many of those decisions predate the 2003 change to the federal class action rule. *Accord Newberg on Class Actions* § 7:8 ("[T]he trend in the federal courts *over the past few decades* has been to . . . decide dispositive motions prior to the certification motion.") (emphasis added). Further, "[b]ecause the West Virginia Rules of Civil Procedure are practically identical to the Federal Rules, we give substantial weight to federal cases . . . in determining the meaning and scope of our rules." *Painter v. Peavy*, 192 W.Va. 189, 192 n.6, 451 S.E.2d 755, 758 n.6 (1994).

perceived fatal flaws in plaintiffs' claims. Reversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification. *See* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION (Third) § 30.11 (1995) (stating that "[w]hen it is clear that the action lacks merit, dismissal [before certification] will avoid unnecessary expense for the parties and burdens for the court").

• • • •

[W]here . . . the plaintiffs' claims can be readily resolved on summary judgment, where the defendant seeks an early disposition of those claims, and where the plaintiffs are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification.

*Curtin*, 275 F.3d at 93.

These cases demonstrate that the timing provision for class certification under Rule 23 is not absolute and trial courts are authorized to assess whether to rule on a motion for summary judgment before deciding the issue of certification. Although Rule 23 favors early determination of the class certification issue, courts frequently elect to first decide a motion for summary judgment where warranted by considerations of fairness and judicial economy. While "[i]t is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment[,] . . . 'usually' is not 'always,' and 'practicable' allows for wiggle room." *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995) (internal citations omitted).

23

In short, an overwhelming number of courts allow trial courts the discretion to defer class certification pending the court's ruling on a dispositive motion. *See, e.g., U.S. v. Nat'l Ass'n of Securities Dealers, Inc.*, 422 U.S. 694, 700 n.5 (1975) (observing that "[t]he District Court [for the District of Columbia] deferred determination of whether [other separately filed actions] could be maintained as class actions under Rule 23 and additionally postponed discovery and other activity pending disposition of the motion to dismiss in this case."); *White v. Coca-Cola Co.,* 542 F.3d 848, 854 (11th Cir. 2008) ("Because the district court was correct to grant summary judgment in favor of Coca-Cola, the district court did not abuse its discretion in denying the motions . . . for discovery and class certification. The resolution of the merits of this controversy obviates any issue about these procedures."); *Thompson v. Cty. of Medina, Oh.,* 29 F.3d 238, 241(6th Cir. 1994) (finding where "neither plaintiffs nor the members of the class were prejudiced by the order of the court's rulings, the district court acted well within its discretion in concluding that it should decide the motion for summary judgment first."); *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984) ("It has never been doubted that a complaint asserting a class action could be dismissed on the merits before determining whether the suit could be maintained as a class action."); *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368 (D. Minn. 2013) ("To require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake.") (citing *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir.1984)); *Hager v. Vertrue, Inc.*, No. 09-

24

11245-GAO, 2011 WL 4501046, at *1 (D. Mass. Sept. 8, 2011) (noting that at initial scheduling conference court had determined that "discovery should be phased, with the first phase focused on the plaintiffs['] individual claims, rather than issues related to any putative class of plaintiffs" where defendant represented it would be able to defeat plaintiffs' claims on motion for summary judgment after completion of first phase of discovery); *Hill v. Chase Bank, NA*, No. 2:07-CV-82-AS, 2007 WL 4224073, at *5 (N.D. Ind. Nov. 26, 2007) (finding that granting defendant's motion to stay class based discovery until court rules on defendant's motion to dismiss "will encourage the most efficient use of the parties' time and effort[.]"); *Talley v. NCO Financial Systems, Inc.*, No. 2:06-CV-48-PPS-PRC, 2006 WL 2927596, at *2 (N.D. Ind. Oct. 12, 2006) (addressing defendant's motion to stay issue of class certification until court ruled on defendant's anticipated motion for summary judgment and granting stay on basis that "it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot."); *Mallo v. Public Health Trust,* 88 F.Supp.2d 1376 (S.D. Fla. 2000) (granting defendant's motion to stay discovery and class certification pending disposition of defendant's motion to dismiss amended class action complaint); *Mitchell v. Indus. Credit Corp.,* 898 F.Supp. 1518, 1521, 1537 (N.D. Ala. 1995) (noting that it had entered order that "first phase of this case would focus on the claims of the named plaintiffs and that discovery regarding putative class members and class status

would be allowed, if appropriate, at a later time[;]" that it had expressed concern at outset of case regarding "the extensive discovery, time and expense that would likely be involved on the class certification issue;" and finding it "reasonable to rule on the motions for summary judgment without deciding on class certification"); *Lawson v. Fleet Bank of Maine*, 807 F.Supp. 136, 138 n.1 (D. Me. 1992) ("[T]he Court believes that its decision to defer action on the class certification motion and to stay discovery until after resolution of the dispositive motions was the more prudent use of judicial resources."); *Nee v. State Indus., Inc.*, 3 N.E.3d 1290, 1296 n.4 (Ohio Ct. App. 2013) (observing that plaintiff's claims were brought on behalf of himself and putative class and that trial court stayed class discovery pending its ruling on summary judgment on plaintiff's individual claims); *Baptist Hosp. of Miami, Inc. v. DeMario*, 683 So.2d 641, 643 (Fla. Dist. Ct. App. 1996) (find that "DeMario's counsel [may not] utilize discovery as a device to solicit another class representative or potential class members for legal representation in this cause" and ordering trial court to "stay the discovery in this cause pending its determination of DeMario's standing to serve as the class representative").

The breadth of authority cited above, as well as our own jurisprudence, establishes that a trial court may defer ruling on class certification until it first decides a dispositive motion directed to the named plaintiff's claim, and that the decision as to how best to proceed is dependent upon the facts and circumstances of a given case. Accordingly,

26

we now expressly hold that where the interests of judicial efficiency and economy warrant, a circuit court may defer ruling on class certification under Rule 23(c)(1) of West Virginia Rules of Civil Procedure until a motion for summary judgment directed to the purported class representative's claim is decided.

While limited discovery directed to a purported class representative may be necessary for summary judgment purposes, it would be counterintuitive to allow class discovery to proceed where a court has elected to defer ruling on class certification until it first decides a motion for summary judgment. *See Conley v. Stollings*, 223 W.Va. 762, 679 S.E.2d 594 (2009) (noting that trial court stayed further discovery pending its ruling on summary judgment motions that had been filed); *Arnold Agency v. West Virginia Lottery Com'n,* 206 W.Va. 583, 526 S.E.2d 814 (1999) (observing that trial court stayed further discovery pending its ruling on dispositive motion). Indeed, as a general proposition, allowing class discovery to proceed once a court has elected to first address a dispositive motion would be illogical and contrary to the very purpose for deferring class certification in the first instance. Accordingly, we further hold that when a circuit court elects to defer ruling on the issue of class certification pending its decision on a motion for summary judgment, class discovery should be stayed until such time as the circuit court decides the motion, unless the non-moving party has demonstrated that significant prejudice will result from a discovery stay. Whether a party has demonstrated significant prejudice will

27

necessarily require the circuit court to consider the procedural posture of the case and fairness to the parties in conjunction with the objective of advancing the goal of a "just, speedy, and inexpensive determination of every action." *See* W.Va. R. Civ. P. 1.

We do not see anything in the appendix record demonstrating that the respondent will be prejudiced by a stay of class discovery. Certainly, a stay will not deny him the opportunity to brief and argue the potentially dispositive threshold issue of statutory construction. Further, we agree with the petitioner that staying class discovery "will allow for an orderly progression of the case, and will not prejudice any parties or unnecessarily delay this action."

Under these particular circumstances, we find the circuit court substantially abused its discretion in refusing to stay class discovery pending a ruling on the threshold legal issue of statutory construction that bears on the viability of the respondent's individual claim. "[T]he essence of the dispute [is] [when], as a matter of law, [the respondent] was discharged within the meaning of the Wage Payment Collection Act[.]" *Ford v. GMS Mine Repair and Maint., Inc.*, No. 15-0225, 2016 WL 1417795 at*1 (W.Va. April 8, 2016) (memorandum decision).[20] Critically, "[a] class action does not allow the class representative

---

[20]In *Ford*, the plaintiff brought a wage claim, alleging his employer involuntarily terminated his employment and failed to pay his final wages within the time frame under the Act. The employer alleged that the plaintiff's actions constituted a voluntary termination of
(continued...)

28

to avoid being confronted with the weaknesses in [his] own case." *Perrine*, 225 W.Va. at 592-93, 694 S.E.2d at 925-26 (Ketchum, J., dissenting, in part, and concurring, in part). Depending upon the circuit court's decision on the petitioner's motion for summary judgment, the respondent's claim will either fail, as a matter of law, and he thus will not be permitted to serve as class representative under Rule 23, or his claim will proceed, at which time issues attendant to class discovery and class certification may then be addressed.[21] To that end, we encourage the parties and the circuit court to move forward with reasonable alacrity.

## IV. Conclusion

For the foregoing reasons, we find the petitioner to be entitled to relief in prohibition. Accordingly, the circuit court's March 3, 2016, order denying the petitioner's motion to stay class discovery is vacated. This action is remanded for the entry of an order staying class discovery until such time as the circuit court rules upon the petitioner's motion for summary judgment and for additional proceedings consistent with this opinion.

Writ Granted and Remanded with Instructions.

---

[20](...continued)
his employment. On cross-motions for summary judgment, the circuit court ruled in favor of the employer, finding the plaintiff had voluntarily quit or resigned his employment, rather than having been discharged. *Ford*, at *1. We affirmed the ruling on appeal without needing to reach the issue of what constitutes a discharge under the Act.

[21]We take no position on the merits of the parties' respective positions in this regard.

29