No. 17-0187 *West Virginia Attorney General, and State of West Virginia v. West Virginia AFL-CIO, et al.*

**FILED**

**September 19, 2017**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WORKMAN, Justice, concurring in part, and dissenting in part:

The one and *only* issue properly before this Court is whether the circuit court erred in granting a preliminary injunction of the Workplace Freedom Act,[1] also known as the "right to work" law. The law is crystal clear that an appellate court's review of an order granting a preliminary injunction is strictly confined to the limited issue of the propriety of the injunctive relief.[2] Our jurisdiction at this point is "*not to resolve the overall merits of the dispute between the parties*[,]"[3] and *not* to decide the constitutionality of the law until there is a full hearing on these issues below and the entry of a full order capable of review. The majority purports to remand this case, but in fact so completely resolves the underlying constitutional issues that it renders such remand nothing but a perfunctory exercise.

This appeal of the temporary injunction should have been treated as a petition for a writ of mandamus to require the lower court to issue a ruling. I would have granted mandamus and ordered the lower court to issue a full order and opinion within

---

[1] *See* W.Va. Code §§ 21-5G-1 to – 7 (2016).

[2] *In re Estate of Reilly*, 933 A.2d 830, 834-35 (D.C. 2007).

[3] *Id.* (emphasis added).

1

ten days.[4] We could have then expedited the appeal thereof and promptly issued a full opinion based on a complete record and full argument.

Thus, I concur that this case should be remanded, but I dissent on this Court's stunning failure to recognize our jurisdictional limits in that they so explicitly resolved the underlying constitutional issues in the context of the review of a mere preliminary injunction prior to full hearing and the entry of an order below capable of full review.

Justice Franklin D. Cleckley emphasized during his tenure on this Court that our first obligation when reviewing a circuit court's decision is to articulate the standard of review—i.e., our criterion for assessing the validity of the circuit court's ruling. "This requirement serves two functions: it informs the parties of the extent of the review and, most important, reminds the appellate court of the limitations placed on its

---

[4] *See* W.Va. R. App. P. 2 ("In the interest of expediting decision, or for other good cause shown, the Supreme Court may suspend the requirements or provisions of any of these Rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. These Rules shall be construed to allow the Supreme Court to do substantial justice."); *see generally GMS Mine Repair & Maint., Inc. v. Miklos*, 238 W.Va. 707, 798 S.E.2d 833 (2017) (considering appeal of interlocutory order as petition for writ of prohibition); *State ex rel. Register-Herald v. Canterbury*, 192 W.Va. 18, 19 n.1, 449 S.E.2d 272, 273 n.1 (1994) ("In this case, it is logical to treat the appeal filed by Mr. Thomas as a prohibition since it challenges the scope of the injunction entered by the circuit court.").

own authority by the appellate process."[5] However complex the issues, "the standard of review is the compass that guides the appellate court to its decision. It defines and limits the course the court follows in arriving at its destination. Deviations from the path, whether it be one most or least traveled, leave writer and reader lost in the wilderness."[6]

An overwhelming body of law in this country supports the proposition that, in the appeal of an interlocutory order, the scope of appellate review is strictly confined to the issues necessary to determine the propriety of the interlocutory order itself.[7] Thus, the jurisdiction of this Court is limited to determining whether the circuit court abused its discretion in granting a preliminary injunction. "A preliminary injunction is a provisional remedy. Its function is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits."[8] The fundamental purpose of a preliminary injunction is "to prevent irreparable injury so as to preserve . . . [a]

---

[5] *North Fla. Women's Health & Counseling Servs., Inc. v. State*, 866 So.2d 612, 626 (Fla. 2003).

[6] *People v. Jackson*, 27 Cal. Rptr. 3d 596, 601 (Cal.App. 2005)

[7] *See* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure Volume 7, § 3291.1 (2d.ed. 2011) ("Ordinarily the scope of appellate review . . . is confined to the issues necessary to determine the propriety of the interlocutory order itself.").

[8] *Pamela Equities Corp. v. 270 Park Ave. Café Corp.*, 881 N.Y.S.2d 44, 45 (N.Y. App. Div. 2009) (internal quotation marks and citation omitted).

court's ability to render a meaningful decision on the merits."[9] Thus, it is essential for this Court to refrain from offering its view of the ultimate merits of the parties' arguments to allow the circuit court the latitude to make those rulings in the first instance.[10]

Yet the majority—without a dispositive order by the circuit court on the petition for declaratory relief—steamrolls over our jurisdictional limits in resolving these significant constitutional issues.

The urgency of the Petitioners to have a final ruling is understandable. And certainly it is troubling that this matter has been ripe for decision by the circuit court since December of 2016. Perhaps that is why the majority felt so emboldened to ignore the limits of our jurisdiction and resolve the entire case immediately under the guise of reviewing a preliminary injunction.

---

[9] *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985).

[10] *See Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985) ("An appellate court in reviewing the propriety of a preliminary injunction should refrain from the unnecessary comment on the evidence or review of the merits of the case since the case has yet to be heard in full on the merits."); *DiLucente Corp. v. Pa. Roofing Co.*, 655 A.2d 1035, 1037-38 (Pa. Super. 1995) ("When reviewing the denial of a preliminary injunction, this Court will not inquire into the merits of a controversy, but will examine the record to determine if any apparently reasonable grounds exist for the trial court's action.").

A review of the procedural history reflects that on June 27, 2016, the Respondents filed the petition for a preliminary injunction and declaratory relief in the circuit court of Kanawha County. On February 24, 2017, after a hearing on the petition for injunctive relief, the Honorable Jennifer Bailey entered an order temporarily enjoining the enforcement of the statute. Although the order contained some discussion of the underlying constitutional issues, the court did not resolve them fully or in anything other than a cursory and preliminary fashion. Instead, the court set a date for full briefing and argument of those issues. After conducting a hearing on the parties' motions for summary judgment in the declaratory judgment action in December of 2016, the circuit court has yet to make a decision.

During this long delay, the Petitioners have had at their command the office of mandamus, which is the proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act when they unreasonably neglect or refuse to do so,[11] but they failed to use that tool. Instead, on February 27, 2017, they filed an appeal of the circuit court's preliminary injunction and made a motion for expedited relief before this Court.

_____

[11] *See State ex rel. State v. Reed*, 204 W.Va. 520, 514 S.E.2d 171 (1999).

In an insightful presentation on United States Supreme Court Justice Ruth Bader Ginsburg's approach to judicial decision-making, Justice Peter J. Rubin[12] cited Justice Ginsburg strong view that appellate courts must be attentive to their proper role. He also pointed out that Justice Ginsburg's jurisprudence is animated by recognition that an appellate court must refrain from adopting a position that has not been tested "in the crucible of the adversary process[.]"[13] Issues that are fully pled, briefed, argued, and decided in the first instance by a lower court not only provide the jurisdictional basis for appellate court review, but well-serve the process that the creators of our system foresaw. That is how our system is set up, and no matter how controversial or politically charged an issue is, that is how cases should be decided. This Court should not do an end-run around a pending declaratory judgment action involving constitutional issues by resolving all the issues pending below without the benefit of full proceedings and a ruling from the circuit court. "Furthermore, principles of judicial restraint counsel against addressing issues—particularly constitutional issues—which are not squarely . . . before the court."[14]

---

[12] Associate Justice Rubin serves on the Massachusetts Appeals Court; he is a Professor of Law at Georgetown University.

[13] *See* Peter J. Rubin, *Keynote Address: Justice Ruth Bader Ginsburg: A Judge's Perspective*, 70 Ohio St. L.J. 825, 832 (2009).

[14] *Florida Carry, Inc. v. Univ. of N. Fla.*, 133 So.3d 966, 981 (Fla. Dist. Ct. App. 2013) (Wetherell, J., concurring).

The majority examines, discusses, and makes significant legal statements on the standard for granting injunctive relief. Importantly, however, they never enunciate a new syllabus point of law on the proper standard, despite the fact that our State jurisprudence has no existing syllabus points relating to the proper criteria for preliminary injunctive relief. This Court has stated that

> [t]he customary standard applied in West Virginia for issuing a preliminary injunction is that a party seeking the temporary relief must demonstrate by a clear showing of a reasonable likelihood of the presence of irreparable harm; the absence of any other appropriate remedy at law; and the necessity of a balancing of hardship test including: "(1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest." *Jefferson County Bd. of Educ. v. Jefferson County Educ. Ass'n,* 183 W.Va. 15, 24, 393 S.E.2d 653, 662 (1990) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1054 (4th Cir.1985))[.][15]

In *Jefferson County*, we stated that courts must consider these factors in "flexible interplay" when determining whether to issue a preliminary injunction, which seems to suggest a movant must make a showing on all factors and the court has discretion in weighing them.[16] While the factors set forth in *Jefferson County* have

---

[15] *State ex rel. McGraw v. Imperial Mktg.*, 196 W.Va. 346, 352 n.8, 472 S.E.2d 792, 798 n.8 (1996).

[16] *Jefferson County*, 183 W.Va. at 24, 393 S.E.2d at 662; *see also Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001) (stating it is well established that preliminary injunction is extraordinary and drastic remedy not to be granted unless movant clearly establishes burden of persuasion as to all elements).

become the apparent standard in West Virginia, we have not adopted them in a syllabus point. Because the preliminary injunction is an extraordinarily powerful remedy, the majority drops the ball badly by setting forth constitutional conclusions while failing to even clarify our standard for a preliminary injunction. The fact that there are substantial differences in the law governing the proper standard of review of a preliminary injunction in both state[17] and federal courts[18] should have also impelled the majority to put these issues through that "crucible of the adversarial process."

---

[17] *See* Richard R.W. Brooks & Warren F. Schwartz, *Legal Uncertainty, Economic Efficiency, and the Preliminary Injunction Doctrine*, 58 Stan.L.Rev. 381, 389-90 (2005) ("Most courts, when deciding whether to grant an injunction, rely on a four-part standard that (to varying degrees) considers (1) plaintiff's likelihood of success on the merits, (2) the amount of irreparable harm likely in the absence of the injunction, (3) a balancing of expected harms to plaintiff and those to defendant, and (4) the public interest. Within the jurisdictions that use this four-part standard, there is no uniform application. Courts outside these jurisdictions apply entirely different standards that may, for example, limit consideration to a combination of plaintiff's probable success on the merits and her irreparable harm or a balance of hardships that favors plaintiff.") (footnotes omitted).

[18] *See* Thomas R. Lee, *Preliminary Injunctions and the Status Quo*, 58 Wash. & Lee L. Rev. 109, 110 (2001) ("The federal courts of appeals are in substantial disarray on an issue of threshold importance to the issuance of preliminary injunctive relief. One set of circuits says that the traditional role of such relief is the preservation of the 'status quo,' and thus accords disfavored status to preliminary orders that are mandatory in form or that otherwise upset the status quo. In these circuits, a party seeking a preliminary injunction must satisfy a heightened standard of proof requiring a clear and compelling showing of the propriety of such relief. Another set of circuits rejects this view. These circuits apply a uniform standard to all requests for preliminary relief."); Rachel A. Weisshaar, *Hazy Shades of Winter: Resolving the Circuit Split over Preliminary Injunctions*, 65 Vand.L.Rev. 1011, 1014-15 (2012) (discussing split of authority among federal district courts as to proper standard following United States Supreme Court's decision in *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008)).

While the Respondents clearly have an uphill battle to demonstrate that this legislation is unconstitutional, both parties deserve to have the merits of their claims fully adjudicated below, and to have a full review by this Court of a full and complete order on the petition for declaratory relief before this Court rushes to judgment.

Thus, I concur that this case should be remanded, but I dissent on this Court's stunning failure to recognize our jurisdictional limits in explicitly resolving constitutional issues in the context of the review of a preliminary injunction with no entry of an order below capable of full review.